# Wallis Tobacco Co. *v.* Jackson.

*Action of Assumpsit.*

1. *Agency; extent of authority.*—An agent who is conducting a certain business for his principal, and as such, is authorized to purchase supplies on credit, has authority to purchase only such supplies as are reasonably adapted to, or customarily used in a business of that kind; and it is the duty of the party selling to such agent to know that the goods sold are of such character as the nature of the business authorized the agent to purchase, and the burden is upon him to prove this fact.

APPEAL from Birmingham City Court.
Tried before the Hon. W. W. WILKERSON.

This was an action of assumpsit brought by the Wallis Tobacco Company against J. F. B. Jackson, and counted upon the common counts. The plaintiff introduced as a witness in its behalf one J. W. Wallis, who was president of the plaintiff, and who testified that between August 26, 1889, and October 26, 1889, W. E. Yancey purchased from the plaintiff a bill of goods for, and to be used in, the "Magic City Hotel" in the city of Birmingham; that when the goods were sold, he, the witness, sold them upon the faith that he was selling to one L. W. McCants, as the agent of the defendant; that said Yancey informed the witness that McCants was running the hotel for and as the agent of the defendant, and that he, Yancey, was purchasing the said goods for McCants as such agent; and that thereupon the plaintiff sold the goods upon credit, and the same were charged upon the books of said company to McCants, as agent for the defendant. Said W. E. Yancey was introduced as a witness and corroborated the witness Wallis as to the manner in which the goods were ordered from the company. L. W. McCants, who was introduced as a witness for the plaintiff, testified, among other things, that for the purpose of preventing garnishments being issued against his customers, which would necessitate the giving up of his hotel, the defendant agreed with the said McCants that the hotel should be run in the name of L. W. McCants, as agent for the defendant; and the agreement further provided as to how money due McCants from the railroad, for boarding certain hands, should be deposited with the American National-

[Wallis Tobacco Co. v. Jackson.]

tional Bank. Said McCants further testified that after said arrangement between himself and the defendant he deposited said money in the bank to the credit of McCants, agent of J. F. B. Jackson, and that he ran the said hotel in the name of L. W. McCants, Agent. The defendant, introduced as a witness in his own behalf, testified that he had no interest in said hotel business at the time of the trial, and had never had any, except he held a mortgage against said McCants; that he had not at any time authorized said McCants to run the hotel in his, defendant's, name; that he did not go about the hotel, and did not know that he was being held out to the world or to any one as the owner or manager of said hotel; and that he had no knowledge that the hotel was being run in the name of L. W. McCants as agent for him. The defendant further testified that the agreement between himself and McCants was made by him simply as a friend to help McCants out of his embarrassed condition; and that he knew nothing of the account sued on until a few days before suit, when it was presented, and he refused to pay it. The cause was tried without the intervention of a jury; and upon the introduction of all the evidence, the court rendered judgment for the defendant.

LANE & WHITE, for appellants. 1. McCants was the general agent of defendant. "A general agency properly exists where there is a delegation to do all acts connected with a particular trade, business or employment."—Story's Agency, §§ 17, 136, 137; Smith Merc. Law, p. 173; 1 Am. & Eng. Encyc. of Law, 348, § 6; *Witcher v. Brewer*, 49 Ala. 119. 2. "If the agent does no more than is natural and customary in managing and transacting such business, any private limitations and instructions will not affect the right of third persons to whom they are not communicated."—*Louisville Coffin Co. v. Stokes*, 78 Ala. 372; *Wheeler v. McGuire*, 86 Ala. 398; Parson Merc. Law, 135. 3. An agent acting under general authority binds his principal by any act done within the scope of his employment, even if done against instructions. Secret instructions can not affect third parties dealing with the agent.—1 Am. & Eng. Encyc. of Law, 350 and cases cited; *Winchell v. Nat'l. Ex. Co.* (Vt.), 23 Atl. Rep. 728; *Barnett v. Glutting*, 29 N. E. Rep. 927; *Ala. Gr. So. R. R. Co. v. Hill*, 76 Ala. 503. 4. Though a general agent has no authority to buy goods on a credit, if the goods are delivered by seller without knowledge of such limitations, the seller is not bound by such limitations, and the principal is bound thereby. *Liddell v. Sahline* (Ark.), 17 S. W. Rep. 705.

HEWITT, WALKER & PORTER, *contra*, cited *Louisville Coffin Co. v. Stokes*, 78 Ala. 372; *Herring, Farrell & Sherman v. Skaggs*, 73 Ala. 446; *Coleman v. Siler*, 74 Ala. 435; *Wheeler v. McGuire*, 86 Ala. 398.

HEAD, J.—The evidence in this case wholly fails to show that the goods, for the price of which this suit is brought, were reasonably necessary for the uses and purposes of the hotel which it is claimed McCants was conducting as agent for the defendant, or that they were such goods as were customarily used in the business of a hotel, or, indeed, that they were used at all in the business of the particular hotel. For aught the evidence discloses, they may have consisted of a stock of general merchandise, or agricultural implements, or some other commodities, having no use or place, either by custom or necessity, in the business of a hotel. If McCants was conducting the hotel as agent for the defendant, as contended, and as such was authorized to purchase supplies on credit, his agency extended no farther than the right to purchase such supplies as were reasonably adapted to, or customarily used in, a business of that kind; and it is the duty of the party selling, under such circumstances, to know that the goods sold are of such character as the nature of the business authorized the agent to purchase; and in a suit against the principal for the price the burden is on him, the seller, to prove the fact. See 1 Am. & Eng. Encyc. of Law, pp. 363-4, and notes.

This principle is invoked by the defendant's counsel, and, as we read this record, we can see no escape from its proper application to this case. It is unnecessary to consider the other questions. The judgment of the City Court is affirmed.