# Moses *et al. r.* Beverly *et al.*

## *Action of Assumpsit.*

1. *Action to recover commissions for negotiating sale; sufficiency of complaint.*—In a suit by real estate agents to recover commissions for ,the negotiation of a sale of turpentine rights in certain lands, counts of the complaint which aver that the plaintiffs acted in the transaction by the employment of the vendor for the sale of turpentine rights in a certain designated number of acres of land, and that the consideration promised by the defendants was a net price per acre to be paid to the vendors and certain designated commissions to be paid to the plaintiffs, and then avers further that the vendors conveyed the turpentine rights in accordance with an agreement between the plaintiffs and the defendants and that the defendants had failed to pay the plaintiffs the commissions agreed on, such counts allege with definiteness a contract between the plaintiffs and the defendants and the perform-

ance of what was to be done to entitle the plaintiffs to its benefits and a breach on the part of the defendants, and are not subject to demurrer for indefiniteness and uncertainty of averment.

2. *Same; same.*—In such a case, a count of the complaint which avers that the defendants agreed to pay to plaintiffs a certain designated sum in consideration of the services performed by plaintiffs in bringing about said sale, and agreed to pay said sum on the execution of a satisfactory conveyance by the vendors of the said turpentine rights to defendants, and which then avers the execution of a conveyance by the vendors as agreed upon between the plaintiffs and the defendants, and a failure on the part of the defendants to pay the plaintiffs the sum agreed upon, avers with definiteness a contract between the plaintiffs and the defendants and the performance by the vendors' of what was to be done to entitle the plaintiffs to its benefit and a breach of said contract on the part of the defendants, and such count is not subject to demurrer for indefiniteness and uncertainty of averment.

3. *Action upon special contract; what necessary to entitle plaintiff to recover; variance fatal.*—In order for the plaintiff to recover in an action upon a special contract, he must prove the contract substantially as averred; and a variance in any material matter of description is fatal to the right of recovery.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellees, Benton H. Beverly and Henry L. Gaines, doing business under the firm name of Beverly & Gaines, against the appellants, A. M. Moses and Levi Anderson, doing business under the firm name of A. M. Moses & Company.

The complaint as amended contained six counts. In the first count the complaint sought to recover $6,250 on an account stated between the plaintiffs and the defendants on October 14, 1899. In the second count the plaintiffs sought to recover the same amount for work and labor done by the plaintiffs for the defendants on October 14, 1899, at their request. The third count was in words and figures as follows: "Third. The plaintiffs claim of the defendants the further sum of six thousand two hundred and fifty dollars ($6,250) for that whereas,

heretofore, to-wit, on the 14th day of October, 1899, the plaintiffs who were doing business as brokers in the city of Mobile, were employed by C. W. Zimmerman and C. W. Zimmerman & Co. to negotiate the sale or lease of the right to use the standing pine timber on a large body of land, to-wit, fifty thousand (50,000) acres, situated in Clarke county, Alabama, said standing pine timber to be used for turpentine purposes; it being agreed and understood between said plaintiffs and said C. W. Zimmerman and C. W. Zimmerman & Co. that should the sale or lease of the right to use said standing pine timber for the purpose aforesaid be negotiated by plaintiffs, such sale or lease should be upon such terms as would yield to said C. W. Zimmerman and C. W. Zimmerman & Co. a net sum of one and 25-100 dollars ($1.25) per acre; and that plaintiffs should stipulate in said contract of lease or purchase that the purchaser or lessee thereof should pay to the plaintiffs the commission or commissions charged by plaintiffs for conducting said negotiation; and plaintiffs allege that in pursuance of the terms of said agreement with said C. W. Zimmerman and C. W. Zimmerman & Co. they agreed and contracted with said defendants for the purchase or lease of said timber for the purpose aforesaid, comprising about fifty thousand (50,000) acres; and that in consideration of said agreement and contract said defendants promised and agreed to pay to plaintiffs the sum of six thousand two hundred and fifty dollars ($6,250) aforesaid; and plaintiffs further allege that said C. W. Zimmerman and C. W. Zimmerman & Co. in ratification and confirmation of the agreement and contract previously made by plaintiffs with defendants executed and delivered to defendants satisfactory contracts and agreements and conveyances of the right to use said timber for the purpose aforesaid and in accordance with the terms of the agreement previously made by plaintiffs with defendants; wherefore, said defendants became and are liable to pay the plaintiffs the aforesaid sum of six thousand two hundred and fifty dollars ($6,250). All of which said sums of money with interest thereon are still due and unpaid."

The fourth and fifth counts contained substantially the same averments as the third count, except that it

shows that a part of the timber was to be used one and two years and the remainder three years, and that as to the timber which was to be used one and two years the price to be paid to Zimmerman and Zimmerman & Co. was 50 cents and one dollars per acre, respectively, and that the commission which the plaintiffs were to be paid and which the defendants agreed to pay to them was 12 1-2 cents per acre.

The sixth count was in words and figures as follows: "6th. Plaintiffs claim of the defendants the further sum of six thousand and two hundred and fifty ($6,250) dollars, for that whereas heretofore, to-wit, on the 14th day of October, 1899, plaintiffs who were real estate and timber brokers, doing business in the city of Mobile, engaged with C. W. Zimmerman and C. W. Zimmerman & Co. to negotiate the sale of the right to work for turpentine, the timber owned or controlled by said Zimmerman and Zimmerman & Co. upon lands in Clarke county in the State of Alabama, within the following described territory, to-wit: [Here follows description of land.] It being understood and agreed between plaintiffs and said Zimmerman and Zimmerman & Co. that plaintiffs should stipulate in any agreement to sell said rights, to use said timber, owned or controlled or to be acquired in the aforesaid territory, that the purchaser thereof should pay the commission or compensation charged by plaintiffs for conducting said negotiations and for bringing about said sale of said rights to work said timber for turpentine purposes, and plaintiffs alleged that in pursuance of said agreement they contracted with said defendants for the sale to defendants by said Zimmerman and Zimmerman & Co. of the right to use said timber as aforesaid; and defendants agreed and obligated themselves to pay to plaintiffs the sum of six thousand two hundred and fifty ($6,250) dollars in consideration of the services and labor done and performed by plaintiffs in bringing about said sale and agreed to pay said amount upon the execution of a satisfactory conveyance by said Zimmerman and Zimmerman & Co. of said rights aforesaid to defendants. And plaintiffs further allege that said Zimmerman and Zimmerman & Co. in ratifi-

cation and confirmation of the acts of plaintiffs and at
the instance and request of plaintiffs, did, on the 14th
day of October, 1899, execute and deliver to defendants
a satisfactory conveyance of the right to work said tim-
ber for the purposes aforesaid, then owned or controlled
in said territory by said Zimmerman and Zimmerman &
Co.; and also an obligation to sell to said defendants
all of the rights to work the timber for turpentine pur-
poses subsequently to be acquired in the aforesaid terri-
tory, which said conveyance and contract was accepted
by said defendants, wherefore defendants became and
are liable to pay to plaintiffs the aforesaid sum of six
thousand two hundred and fifty ($6,250) dollars, with
interest thereon, which said sum with interest thereon is
due and unpaid."

To the third, fourth, fifth and sixth counts the de-
fendants demurred upon the following grounds:

"1.   Each of the said counts fails to show that C. W.
Zimmerman and C. W. Zimmerman & Co. had any right
to sell or lease the standing pine timber mentioned in
said counts for any purpose.   2.   Each of the said counts
fails to aver or show that defendants acquired any right
or property under the contract alleged therein.   3.   Each
of the said counts fails to show that there was any con-
sideration for the promise to pay therein alleged to have
been made by the defendants.   4.   Each of said counts
fails to show that a sale was actually made to the said
defendants by the said C. W. Zimmerman and C. W.
Zimmerman & Co. and fails to aver the passing of any
title or right to the said defendants pursuant to the
contract alleged in said count to have been made be-
tween the plaintiffs and the defendants.   5.   Each of the
said counts fails to show with sufficient certainty the
description of the lands upon which it is averred that
defendants bought the right to work the timber for tur-
pentine.   6.   Each of the said counts fails to aver with
sufficient certainty the number of acres embraced in the
contract alleged to have been made by plaintiffs with de-
fendants, and the number of acres embraced in the con-
tract and conveyance made by C. W. Zimmerman and
C. W. Zimmerman & Co. with and to defendants."

These demurrers were overruled.   The defendants

then pleaded the general issue and several special pleas. The demurrers to the special pleas were sustained.

Under the opinion on the present appeal it is unnecessary to set out these pleas and the demurrers. The facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiffs. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

STEVENS & LYONS, for appellants.—The several counts of the complaint were indefinite and uncertain as to the existence of the contract between the plaintiffs and the defendant, and for this reason were subject to the demurrers interposed.—1 Chitty's Pleading, 255; *Chapman, Governor, v. Weaver,* 19 Ala. 626; *Steiner v. Parsons,* 103 Ala. 215; 4 Ency. Pl. & Pr., 619, § B; *H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 413; *Hardy v. Br. Bank,* 15 Ala. 722; *Rogers Admr. v. Jones,* 51 Ala. 353; *Wharton v. Hannon,* 101 Ala. 554.

The defendants were entitled to the general affirmative charge. The contract sought to be set out in the several counts of the complaint was not proved. There was material variance between the allegations of the complaint and the proof, and this defeated the plaintiffs' right of recovery.—*Lee v. Wimberly,* 102 Ala. 539; *Webb v. Crawford,* 77 Ala. 440; *Crummen v. Campbell,* 82 Ala. 566; *S. & N. Ala. R. R. Co. v. Wilson,* 78 Ala. 587; *Harold v. Jones,* 97 Ala. 637; *M. & E. R. R. Co. v. Culver,* 75 Ala. 587; *Dexter v. Ohlander,* 89 Ala. 262; *A. G. S. R. R. Co. v. Mt. Vernon Co.,* 84 Ala. 173; *A. G. S. R. R. Co. v. Thomas & Sons,* 83 Ala. 343.

McINTOSH & RICH, *contra.*—The contract executed between the appellants and appellees embodied substantially all that was agreed upon between appellants and appellees. If there was any substantial difference between the contract delivered to appellants by Zimmerman and Zimmerman & Co. and that agreed upon between appellants and appellees, all objection on this account was

waived by appellants when they accepted the contract as tendered, without notice to appellees of their purpose to rescind.—Clark on Contracts, 675; *Hennessey v. Bacon,* 137 U. S. 84; *Behrman v. Newton,* 103 Ala. 525; *Coplay I. Co. v. Pope,* 15 N. E. Rep. 335; *Casey v. Holmes,* 10 Ala. 776; *Aiken v. Bloodgood,* 12 Ala. 221.

SHARPE, J.—In the complaint there are six counts, the first being on an account stated, the second, for work and labor done, and the four last each declare specially as for the breach of a contract to pay plaintiffs money representing commissions accruing to them from the negotiation by them of a sale by C. W. Zimmerman and C. W. Zimmerman & Co. to defendants of rights to take turpentine from pine trees standing on lands situated in Clarke county. According to the averments of the third, fourth and fifth counts plaintiffs acted in the transaction by the employment of and in behalf of the vendors, C. W. Zimmerman and C. W. Zimmerman & Co.; and the turpentine rights sold extended to the trees comprised in about 50,000 acres of land, and the consideration promised by the defendants was a net price per acre to be paid to the vendors and commissions to be paid to the plaintiffs, which commissions were according to the third count $6,250, and according to the fourth and fifth counts, 12 1-2 cents per acre. Each of these three counts avers that the vendors conveyed the turpentine rights in accordance with the agreement between plaintiffs and defendants. The sixth count declares on a contract in terms differing in several respects from those described in the other three special counts, and whereby it is averred among other things that "defendants agreed and obligated themselves to pay to plaintiffs the sum of six thousand two hundred and fifty dollars ($6,250) in consideration of the services and labor performed by plaintiffs in bringing about said sale, and agreed to pay said amount on the execution of a satisfactory conveyance by said Zimmerman and Zimmerman & Co. of the rights aforesaid to defendants." These special counts each allege with definiteness a contract between plaintiffs and defendants, and a performance of what was to be done to entitle the former to its benefits

[Moses *et al.* v. Beverly *et al.*]

and a breach of the contracts on the part of defendants. They were not subject to the demurrers.

But we are of opinion that neither count of the complaint was sustained by any tendency of the evidence considered as a whole; and that, therefore, the trial court erred not only in giving the general affirmative charge for the plaintiffs, but in refusing the opposite charge requested by defendants. There is no evidence from which it could be inferred that plaintiffs have acted for or under the employment of defendants. All the evidence on the subject shows they acted for C. W. Zimmerman and C. W. Zimmerman & Co. in making the sale and defendants' promise was only to pay the price of the lands, though it might be found from the evidence that the price was so fixed as to include plaintiffs' commissions and it may have been understood that payment of so much of the price as would be sufficient to cover commission should be made directly to plaintiffs. Hence, the failure of the evidence to support the second and sixth counts both of which go upon the theory that plaintiffs' demand is for a sum due in consideration of services rendered defendants. The third, fourth and fifth counts, respectively, fail of support for the reason that the evidence, including the deed from C. W. Zimmerman and C. W. Zimmerman & Co. to defendants in pursuance of their purchase, shows that what was in fact sold the defendants, was not as alleged, the right to work for turpentine the timber on lands comprising about 50,000 acres, but was merely all rights of that character which C. W. Zimmerman and C. W. Zimmerman & Co. or either of them had in the timber owned or controlled by them or either of them in lands situated within a certain described territory said in the conveyance to contain about 50,000 acres, less 3,000 acres reserved, together with such turpentine rights as might be acquired by the vendors within that territory within a fixed period; and it was further shown without dispute that the rights which were in fact so owned, controlled and sold, including all subsequent acquisitions, did not extend to lands in excess of 35,000 acres. A general rule applying to actions on special contracts generally and applicable

here, is that to entitle the plaintiff to recover the contract must be proved substantially as alleged. "A variance in any material matter of description is fatal to the right of recovery."—*Montgomery, etc. R. Co. v. Culver*, 75 Ala. 587; *A. G. S. R. R. Co. v. Mt. Vernon Co.*, 84 Ala. 173.

The evidence is not such as could afford a conclusion or inference that there was any agreement, express or implied, on the part of the defendants to pay plaintiffs a definite sum on account of the sale which was actually negotiated and for that reason if for no other no right to recover as upon the first count was shown.

The case as now presented does not seem to require the assignments of errors to be more specifically passed on. The judgment will be reversed and the cause remanded.

Reversed and remanded.