# Crone & Co. *v.* Long & Son.

*Assumpsit.*

(Decided April 8, 1909.   49 South. 227.)

1. *Appeal and Error; Harmless Error; Exclusion of Evidence.*—
Where all the evidence taken together, both the excluded and the admitted, will not support a judgment for the plaintiff, the exclusion of evidence offered by him is not prejudicial.

2. *Principal and Agent; Proof of Agency; Declarations.*—Agency cannot be proven solely by the declarations of the agent.

3. *Same; Evidence of Agency.*—Where it appears that the person giving the authority to one to buy for another had no authority to buy for the other or to authorize anyone else to do so, testimony that he had given the person authority to buy goods for the other was not admissible to show the agency of such a person.

4. *Same; Authority of Agent.*—In order to hold principals liable for a purchase made by another as their agent it must appear that such other was their agent to make the particular purchase, and it was not sufficient to show that the other was their agent for any other purpose.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Assumpsit by Crone & Co., against I. Long & Son. From a judgment for defendants the plaintiffs appeal. Affirmed.

JAMES F. JONES, for appellant.   The legality and competency of the evidence is for the court, but the weight and sufficiency for the jury.—*Sanders v. Stokes,* 30 Ala. 432; *Hart v. Freeman,* 42 Ala. 567.   The evidence offered and suppressed was competent to prove the agency.—*Sellers v. F. Ins. Co.,* 105 Ala. 282.   The affirmative charge should not have been given.—*Bates v. Hart,* 124 Ala. 127; *Bowmar v. Rosser,* 123 Ala. 641; *Bufford v. Rainey,* 122 Ala. 565; *Cole v. Propst Bros.,* 119 Ala. 99; *Abbott v. Mobile,* Ib. 595.

STALLWORTH & BURNETT, and JAMES A. STALLWORTH, for appellee. The court did not err in excluding the evidence as to the purchase. No agency was shown.— *Gamble v. Fuqua,* 42 South. 738; *Galbraith v. Cole,* 61 Ala. 140; *Scarbrough v. Reynolds,* 12 Ala. 252; *Postal T. Co. v. Lenoir,* 107 Ala. 640; *L. & N. v. Hill,* 115 Ala. 334; *Home Protection v. Whidden,* 15 South. 567; *Buist v. Guice,* 96 Ala. 255; *Talladega Co. v. Peacock,* 67 Ala. 253. On these authorities, the court properly gave the affirmative charge.

MAYFIELD, J.—This was an action of assumpsit for goods, wares, etc., alleged to have been sold by plaintiffs to defendants. The complaint declared upon an account, verified by affidavit. The defendants filed the statutory affidavit denying the correctness of the account, and also filed a plea of the general issue. The goods were claimed by plaintiffs to have been bought of them in the city of St. Louis, Mo., by one Miss Carroll, whom they allege and claim to be the agent of the defendants. The goods were shipped by plaintiffs to defendants from St. Louis, Mo., to Evergreen, Ala., but were destroyed by fire while in the express office at Evergreen. There was a judgment in the lower court for the defendants, from which plaintiffs appeal, assigning as error the suppression of certain depositions of J. Crone, a witness for the plaintiffs, the exclusion of certain evidence offered in connection with the oral testimony of one Max Long, and the giving of the general affirmative charge for and at the instance and request of the defendants.

Had there been any evidence in this case tending to show that Miss Carroll was authorized by the defendants to purchase the goods for them, or if there had been any evidence from which it could be inferred that she

did have authority, it would probably have been reversible error in the court to exclude the part of the evidence in this case which it did exclude; but, if error, it was without injury, for the reason that the general affirmative charge was properly given for the defendants, and should have been given, though this evidence had been admitted. Neither the evidence excluded, that admitted, nor all taken together, was sufficient to support a judgment against the defendants in this case.

There was no evidence, offered or introduced, which was competent or admissible to be considered for the purpose of showing that Miss Carroll was authorized to make this purchase for the defendants. It is true that some of the witnesses for plaintiffs testify that Miss Carroll purchased the goods for the defendants; but it also conclusively appears, by the testimony of these same witnesses and by that of others, that the only knowledge they had of the fact of authority was that Miss Carroll stated to plaintiffs, or their agents, that she was purchasing for these defendants. Agency cannot be proven solely by the declarations of the agent; and, even if it had been shown that she was the agent, there was no evidence whatever to show that she had authority to purchase these goods for the defendants.—*George v. Ross,* 128 Ala. 666, 29 South. 651.

The evidence of the witness Max Long that he gave Miss Carroll limited authority to buy some millinery goods, say $150 or $200 worth, was, of course, not admissible for this purpose, for the reason that it appears that Long himself had no authority to purchase for the defendants, nor to authorize any one else so to do, and that, having none himself, he certainly could not confer authority upon another. It was not sufficient to show that Miss Carroll was the agent of the defendants for any purpose; but in order to recover in this case, it was

[Crone & Co. v. Long & Son.]

necessary to show that she had the authority to make this purchase. There is not a particle of evidence in this case to show that the alleged agent of the defendants was ever authorized to make this purchase of goods, or any other purchase of goods, by the defendants. The fact that a third party, who had no authority himself to make the purchase, had given her authority to purchase, would not, of course, bind the defendants.—*Johnson v. Wilson,* 137 Ala. 473, 34 South. 392, 97 Am. St. Rep. 52.

If the defendants could be liable under this evidence, then it is absolutely in the power of one party to bind another, without his knowledge or consent, or in spite of his efforts to prevent it. It is possible that Miss Carroll had the authority to make this purchase; but there was certainly no evidence which tended to show it save her own declarations and acts—none of which were admissible for the purpose of showing it, unless there had been some evidence of express or implied authority given her by the defendants, or of some word or act of theirs tending to show a ratification. For this reason there could be no error of which the appellants can complain.

The judgment of the Circuit Court is affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ concur.