[Caldwell v. Atlantic B. & A. Ry. Co.]

# Caldwell *v.* Atlantic B. & A. Ry. Co.

### *Injuries to Servant.*

(Decided 13, 1909.    49 South. 674.)

1. *Master and Servant; Injury to Servant;· Independent Contractor.*—A person or corporation is not liable for the acts of an independent contractor.

2. *Same; Servant; Contractor.*—A servant is not a contractor nor is a contractor a servant in a legal sense.

3. *Same; Independent Contractor.*—The words, independent contractor, for want of a better meaning has come to be used with special reference to a person who, in pursuit of independent business, undertakes to do a specific piece of work for other persons using his own means and methods and not submitting himself to their control in respect to detail.

4. *Same.*—An independent contractor is one who renders service to another in the course of an independent occupation, representing the will of his employer only as to the result of his work and not as to the means by which it is to be accomplished.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON. ·

Action by Alex ·Caldwell against the Atlanta, Birmingham & Atlantic Railroad Company for injuries. Judgment for defendant and plaintiff appeals. Affirmed.

PINKNEY SCOTT, for appellant.—The court improperly sustained demurrers to the count.—*Garrett·v. Sewell,* 95 Ala. 456; s. c. 108 Ala. 523; *Ala. Mid. Ry. Co. v. Crusky,* 92 Ala. 254; *L. & N. v. Whitman,* 79 Ala. 328,

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. —There is no error in the record.—*Ala. Mid. Ry. Co. v. Martin Bros.,* 100 Ala. 511.

SIMPSON, J.—The assignments of error in this case relate entirely to the action of the court in sustaining

the demurrers to the several counts of the complaint. Without adverting to the other causes of demurrer, each count avers in the alternative that the negligence or wanton conduct was that of the "agent or contractor" of defendant. It is admitted, and it is settled law, that a person or corporation is not liable for the acts of an independent contractor; but appellant contends that the use of the word "contractor" does not mean an independent contractor. "Although, in a general sense, every person who enters into contract may be called a 'contractor,' yet the word, for want of a better one, has come to be used with special reference to a person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details. The true test of a 'contractor' would seem to be that he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished."—1 Shearman & Redfield on Neg. (5th Ed.) § 164; 2 Words & Phrases, pp. 1534, 1535, and cases cited;—*McCarthy v. Second Parish of Portland,* 71 Me. 318, 36 Am. Rep. 320, 321.

In these and other cases the distinction is clearly drawn between a servant and a contractor, with the result that in the general acceptation of the term, a servant is not a contractor, nor is a contractor a servant. The case of *Alabama Midland Railway Co. v. Coskry,* 92 Ala. 254, 9 South. 202, is not opposed to this definition. The reasoning of that case is that, as the damage in that case was claimed because of the depth of the cut, and the defendant had specifically directed what depth it be, the defendant was liable.

Construing the pleading strictly against the pleader, we hold that the complaint does not allege that the acts for which damages are claimed were the acts of the servants or agents of the defendant, so as to fix liability on it. There was no error in sustaining the demurrers, and the judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.