(130 So. 545)

## WARREN WEBSTER & CO. v. ZAC SMITH STATIONERY CO.

### 6 Div. 690.

Supreme Court of Alabama.

Oct. 9, 1930.

Rehearing Denied Nov. 6, 1930.

Harsh & Harsh and W. Emmett Perry, all of Birmingham, for appellee.

R. DuPont Thompson and Walter S. Smith, both of Birmingham, for appellant.

## GARDNER, J.

The plaintiff sued to recover on common counts for goods sold to defendant, consisting largely of a surveying outfit. The purchase was made by W. H. Monahan, Jr., representing defendant in Birmingham, referred to as "District Manager," his territory embracing the entire state with exception of the counties of Mobile and Baldwin. The order for the goods was on defendant's letterhead bearing the name of defendant company with W. H. Monahan, Jr., "District Manager," and was delivered in person by Monahan to plaintiff at its place of business. Plaintiff's evidence tended to show that Monahan exhibited his card as manager, and directed the goods to be charged to defendant company. Defendant insisted (and there was evidence in support thereof) that this was an individual order of Monahan with which they had no concern; that the goods bought were not reasonably adaptable to their business and for which they had no use; that Monahan was not defendant's agent, but an independent contractor, and, if in fact its agent, he was without authority to make the purchase. Plaintiff offered evidence, however, tending to show the goods were reasonably adapted to defendant's business (Wallis v. Jackson, 99 Ala. 460, 13 So. 120; Dadeville Union, etc., Grocery Co. v. Jefferson Fertilizer Co., 194 Ala. 683, 69 So. 918), and this was an issue of fact duly presented under the court's oral charge for the jury's determination.

■ The contention that Monahan was not an agent but an independent contractor is, we think, readily disposed of by a reference to the contract shown in evidence wherein he is not only designated as agent but all the elements of agency rather than independent contractor abound. An independent contractor "renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished." Caldwell v. A., B. & A. Rwy. Co., 161 Ala. 395, 49 So. 674. Counsel for appellant lay much stress upon Aldrich v. Tyler Grocery Co., 206 Ala. 138, 89 So. 289, 17 A. L. R. 617, but the case is readily distinguishable upon the facts from the instant case, and the conclusion here reached in no manner conflicts with that authority. Under the contract of employment which is quite extensive, Monahan's work was under the complete control and supervision of defendant company with detail instructions as to the means to be followed, and, while he was paid on a commission basis, the company advanced him $400 per month under a supplemental agreement, and the compensation received was expressly in consideration of his personal services. The agreement of employment is wholly lacking in the elements of an independent contractor. The contract correctly designates him as agent for defendant and requires that

he maintain a sales office in Birmingham in defendant's name "with the agent as district manager," to use the language of the contract. He was defendant's representative in this territory and very clearly as to third persons dealing with defendant he had the ostensible authority of general agent. "A 'general agent' may be said to be one who has authority to transact all of the business of the principal, of a particular kind, or in a particular place. The powers of such an agent are prima facie co-extensive with the business intrusted to his care, authorizing him to act for the principal in all matters coming within the usual and ordinary scope and character of such business. The ostensible or apparent authority of such an agent cannot be narrowed by secret instructions and limitations from the principal, unless the party dealing with the agent has notice of them." So. States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63, 67. "If the agent does no more than is natural and customary in managing and transacting such business, any private limitations and instructions will not affect the rights of third persons, to whom they are not communicated." Louisville Coffin Co. v. Stokes, 78 Ala. 372; Penn. Fire Ins. Co. v. Draper, 187 Ala. 103, 65 So. 923; Dadeville Union, etc., Grocery Co. v. Jefferson Fertilizer Co., 194 Ala. 683, 69 So. 918; Wallis Tobacco Co. v. Jackson, 99 Ala. 460, 13 So. 120.

■ Plaintiff's evidence tended to show no knowledge or notice of any limitation upon the apparent authority of Monahan as district manager of defendant at Birmingham, and, as previously noted, that the supplies purchased were reasonably adapted to defendant's business. Under the facts presented in the record a jury question was presented and the affirmative charge correctly refused.

■ Without reference to any other consideration, charges 11 and 12 were properly refused as ignoring the principle of the agent's apparent authority as indicated in the foregoing quotations. So. States Fire Ins. Co. v. Kronenberg, supra.

Defendant's refused charge 4 appears to be subject to like criticism, and there was no error in its refusal.

The case of Crone & Co. v. Long & Son, 159 Ala. 487, 49 So. 227, cited by appellant, is readily distinguishable on the facts from the instant case, and in no manner militates against the conclusion here reached.

Much of appellant's argument is rested upon the assumption Monahan was a special agent within the definition found in the Kronenberg Case, supra, but what has been said we think suffices to demonstrate the incorrectness of this position. He was not a special agent, but, on the contrary, the evidence justified a reasonable inference that, at least as to the outside world, he was in fact defend-

ant's general agent in the territory assigned to him.

The evidence as to the ledger sheet, offered in evidence, made and identified by Mrs. Ogletree, the bookkeeper, and referred to by her as the original book of entry, was sufficient to bring its introduction within the provisions of subdivision 4 of section 7701, Code 1923. Such character of proof was evidently lacking in Powell v. Pickett, 219 Ala. 18, 121 So. 23, to which counsel refer, as indicated in paragraph 4 of the opinion.

Other questions as to admissibility of evidence, argued in brief, are answered, we think, by reference to the principle of law that "acts and declarations of one whose agency is the subject of inquiry, though incompetent when there is no other evidence of agency or of ratification, become competent for consideration in determining both the fact of agency and the scope of authority originally given, when shown in connection with other evidence of agency." Birmingham Min. R. R. Co. v. Tenn. Coal, Iron & R. R. Co., 127 Ala. 137, 28 So. 679, 681.

Under the well-recognized rule by which this court is guided in the review of the trial court's ruling denying the motion for new trial, upon due consideration, we are unwilling to disturb the judgment rendered.

We find no reversible error.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.