EWING *v.* CITY OF HELENA.

4362                      182 S. W. 2d 940

Opinion delivered October 9, 1944.

*Dinning & Dinning,* for appellant.

*D. S. Heslep,* for appellee.

GRIFFIN SMITH, Chief Justice. The controlling question is whether an occupation tax assessed by the City of Helena applies to appellant.

"Contractors, brick or carpentry," must pay $50 annually. Penalty for failure "shall be a fine twice the amount of the license imposed."

In Municipal Court appellant was fined $50. On appeal Circuit Court directed a verdict for $100.

Result here depends upon construction of the word "contractor." It is undisputed that appellant (a brick mason) worked at $1.25 per hour. On one occasion he had been paid so much per thousand for laying brick. In dealing with those desiring his services, appellant frequently mentioned that a helper would be required. The amount so due would ordinarily be included in appellant's pay check. He did not maintain an office. The telephone to which appellant had access was listed in his brother's

name. There was testimony that when appellant was not engaged as a bricklayer, he "did a little farming." Printed on his truck were the words, "James Ewing & Son, Brick Masons."

The term "contractor" is used in many senses. For determining whether a workman is entitled to recover under compensation laws, it is essential to ascertain whether the relationship of master and servant existed, or that of independent contractor and employer. Under lien laws a somewhat different rule applies. In *Little Rock, Hot Springs & Texas Railway Co.* v. *Spencer*, 65 Ark. 183, 47 S. W. 196, 42 L. R. A. 334, it was held that a contractor who had not performed any work or labor personally did not come within the terms of a statute providing a lien for "every mechanic, builder, artisan, workman, laborer, or other person who shall do or perform any work or labor" on a railroad.

Texas courts have held that "contractor" refers to a person who undertakes a specific job in pursuit of an independent business, using his own means without submitting to control as to details. *Evans* v. *Bryant*, 29 S. W. 2d 484; *Brigman* v. *Holt & Bowers*, 32 S. W. 2d 220.

Opinions are to the effect that although, in a general sense, every person who enters into a contract may be called a "contractor," yet the word—for want of a better term—has come to be used with special reference to one who, in the pursuit of an independent business, undertakes to do a specific piece of work for another person, using the performer's own means and methods, without (as to details) submitting himself to control of the party for whose benefit the work is being done. The true test, it is said, appears to be that before one should be termed a contractor, he must render service in the course of an independent occupation, representing the will of his employer only as to the result of the work, and not as to the means by which it is accomplished.

*Caldwell* v. *Atlantic B. & A. R. Co.*, 49 So. 674, 161 Ala. 395; *Jahn's Adm'r* v. *Wm. H. McKnight & Co.*, 78 S. W. 862, 117 Ky. 655; *Poor* v. *Madison River Power Co.*, 99 P. 947, 38 Mont. 341.

We think the Circuit Court erred in not holding, as a matter of law applicable to undisputed facts, that appellant was not a contractor within the meaning of the ordinance authorizing collection of occupation taxes.

Other issues were brought into the case, but in the view we take they are unimportant.

Reversed, with directions to dismiss the cause.