(113 So. 256)

## BOOKER v. BENSON HARDWARE CO.
### (3 Div. 796.)

Supreme Court of Alabama.   May 12, 1927.

Rehearing Denied June 15, 1927.

**I. Evidence** ⟨key⟩376(10)—Where merchant, manager, or company officer testifies that account book entries are true, book is admissible, though witness has no memory of transactions recorded (Code 1923, § 7701, subd. 3).

Under Code 1923, § 7701, subd. 3, though a merchant, manager, or company official must testify that account book entries are true before the account book will be admitted as prima facie evidence, it is implied that it is not necessary that the witness shall have personal knowledge or memory of the actual sales and the prices set down, but need only know that it is a book of original entry kept in due course of business, and correct on information and belief.

**2. Evidence** ⟨key⟩376(6)—Where merchant, manager, or company official testifies that account book entries are true, book is admissible without verification by bookkeeper (Code 1923, § 7701, subd. 3).

Under Code 1923, § 7701, subd. 3, where a manager, merchant, or company official testifies that account book entries are true and just, the book is admissible without the necessity of calling the clerk or bookkeeper, whether or not available.

**3. Evidence** ⟨key⟩354(5)—Merchant's ledger account held admissible, though carrying balance forward from book not in evidence, where objection was not directed to this item (Code 1923, § 7701, subd. 3).

Under Code 1923, § 7701, subd. 3, merchant's ledger account *held* admissible, though only partial account carrying balance forward from another book not in evidence, where the objection made to the admission of the account was directed to the 'account as a whole, and did not point out the particular item carrying the balance forward.

**4. Account, action on** ⟨key⟩14—Itemized and verified account, filed with complaint under statute, held inadmissible, where denied by defendant's affidavit (Code 1923, § 7666).

An itemized and verified account filed with the complaint under the provisions of Code 1923, § 7666, *held* inadmissible as evidence, where the defendant filed a counter affidavit denying the correctness of the account.

---

**5. Evidence** ⬦174(2)—Mere transcripts from account books of original entry are inadmissible (Code 1923, § 7701).

Code 1923, § 7701, admits books of original entry, and not mere transcripts therefrom.

**6. Witnesses** ⬦258—Permitting witness to offer secondary evidence of book account by testifying from inadmissible statement without laying predicate held error.

Error lies where a witness is permitted to testify from an inadmissible statement of account, where he has no personal knowledge of many of items, and it does not appear that primary evidence of the items contained in the statements is not available.

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Action on account by the Benson Hardware Company against C. C. Booker. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Reversed and remanded.

A. Whaley, of Andalusia, for appellant.

Counsel argue for error in the rulings assigned, and cite Code 1923, §§ 7666, 7731; Lemon v. C. & G. T., 59 Mich. 618, 26 N. W. 791; Smith v. Castle, 81 App. Div. 638, 81 N. Y. S. 18; Munson v. Farwell, 16 Ill. App. 365.

Hamilton & Caffey, of Brewton, for appellee.

The books of the assignor were admissible in evidence. Code 1923, § 7701. If plaintiff's books are in evidence to establish an account, it is harmless for a witness to testify from a memorandum made therefrom. Dominey v. Dowling-Martin Gro. Co., 200 Ala. 619, 76 So. 977. A party having knowledge of the correctness of an account may use the same to refresh his recollection. Such account is admissible in evidence. Bailey v. Griffin, 211 Ala. 219, 100 So. 242; Riley v. Fletcher, 185 Ala. 570, 64 So. 85; Polytinsky v. Stewart, 158 Ala. 179, 48 So. 395; Sullivan Timber Co. v. Brushagel, 111 Ala. 114, 20 So. 498.

BOULDIN, J. The action is upon an account of a retail merchant, brought by an assignee of the account. The pleas were in short by consent. The plaintiff filed with the complaint an itemized and verified statement of the account, and defendant a counter affidavit denying its correctness and his liability as to the whole amount thereof. Code, § 7666.

Several assignments of error go to the ruling of the court admitting in evidence the account book of the merchant.

In Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 So. 530, this court construed Code of 1907, § 4003, touching the admission of books of account, in the light of the rule theretofore in force and decisions of the state of Georgia from which our statute was taken. Difficulties were there pointed out as to the rules at common law, and still retained in the statute.

[1, 2] In the Code of 1923, § 7701, subdivision 3 of the former statute was entirely rewritten in the following language:

"When any party or interested person, manager or other official of any association or company, testifies to his or their account book and the items therein contained, that the same is a book of original entries, and that the entries therein are true and just, and were made by himself or his employé, deceased or living, in the usual course of trade, and of his duty or employment to the party so testifying; thereupon the said account book and entries shall be admitted as prima facie evidence in the case upon the matters as shown by said account book."

Subdivision 4 was added covering accounts entered by a bookkeeper from salesmen's memoranda, and subdivision 5, providing for secondary evidence in case of the loss of the books of original entry.

Under subdivision 3, as now amended, the merchant, his manager, or an officer of a company, may give the evidence prescribed, although the entries were made by his employees. Although he is required to testify that the entries are just and true, the further terms of the statute imply that it is not necessary that the witness shall have personal knowledge or memory of the actual sales and the prices set down. He must know that it is a book of original entry, was kept in due course of business by those charged with that duty, and that the account is correct upon knowledge, information, and belief. It commits the conscience of the witness to the genuineness and correctness of the account kept in due course of business. Upon such evidence the book of original entry becomes prima facie evidence of the correctness of the account. It is not necessary to call the clerk or bookkeeper, if available, except in cases provided in subdivision 4.

[3] Under these rules the ledger account was properly admitted in evidence. True, it was only a partial account, beginning with item of June 7, 1920, "To Bal. Old book, p. 271, $347.41." But no objection was directed to this item. The objection to the book account as a whole, not pointing out this item, was overruled without error.

[4] The itemized and verified account filed with the complaint was, in the first instance, correctly held not evidence, in view of the counter affidavit of defendant. It included hundreds of items covered by the complaint, running from November 15, 1919, down to June 7, 1920, when the ledger account began. We may note that the balance on this statement as of June 7th varied some $13.81 from the balance as carried forward to the ledger of same date.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[5, 6] But in the course of the trial the witness Barrow used this statement in testifying, and, on evidence tending to show its correctness as taken from the books, it was admitted in evidence. No predicate was laid for offering secondary evidence of the book account. For all that appears, the old book from which it was largely taken was in the custody of the witness, the assignor of the account, and within the jurisdiction of the court. The statute admits books of original entry, not mere transcripts therefrom, except in the case provided by Code, § 7666.

Nor was this statement admissible as a mere memorandum of the testimony of the witness. It was admitted that the witness had no personal knowledge of many of the items. He could not get his knowledge of their correctness from the statement checked with the books, then offer the statement as a memorandum of such testimony. This is but a method of offering secondary evidence of the book account, with no predicate therefor. So far as this statement checked with the items of the book account offered, it was harmless, but not so as to the long list of items on the old book never offered. Appellee suggests that, after admitting this statement over objection, it was excluded. But, considering the entire record, it appears the witness continued to use it in giving testimony, and the last ruling in the record appears to overrule a motion to exclude it. For this error the judgment must be reversed.

Reversed and remanded.

SAYRE, GARDNER, and BROWN, JJ., concur.