(113 So. 298)

## FIELDS v. FIRST NAT. BANK OF HALEYVILLE. (6 Div. 800.)

Supreme Court of Alabama. June 15, 1927.

1. **Appeal and error** ⊙⇒1079—Argument asserting plea to be good does not save from waiver by noninsistence assignment of error in sustaining demurrer.

Argument asserting merely the substance of a plea, and that "it is is a good plea," is not sufficient to save the assignment of error in sustaining a demurrer thereto from the implication of waiver by noninsistence.

2. **Appeal and error** ⊙⇒1040(7)—Elimination on demurrer of certain pleas held not error, where other pleas comprehended substance.

Elimination on demurrer of certain of defendant's pleas held not reversible error, where he had benefit of anything available under them by means of other pleas.

3. **Evidence** ⊙⇒354(5), 355(1)—Original deposit slips and ledger sheets of bank held admissible in bank's suit on note, where made in due course under cashier's supervision (Code 1923, § 7701).

Original deposit slips of bank and ledger sheets, showing first permanent entry of the items in the form of an account, where made in due course by or under the immediate supervision of the cashier, held admissible within Code 1923, § 7701, in bank's suit on note.

4. **Appeal and error** ⊙⇒1058(2)—Exclusion of proper questions asked defendant by his counsel held not error, where questions were otherwise answered.

Exclusion of proper questions asked defendant by his counsel held not reversible error, where questions were in fact answered afterwards and had, in substance, been answered on witness' original examination.

5. **Appeal and error** ⊙⇒1012(1)—Supreme Court would not set aside judgment of trial court, sitting without jury, merely on weight of evidence.

Supreme Court would not, merely because the weight of evidence might support appellant's contentions, set aside the judgment of the trial court sitting without the aid of a jury.

Appeal from Circuit Court, Winston County; Ernest Lacy, Judge.

Action on promissory note by the First National Bank of Haleyville against W. D. Fields. From a judgment for plaintiff, defendant appeals. Affirmed.

Statement by SOMERVILLE, J.:

The suit is on a promissory note executed by the defendant to the plaintiff bank on May 21, 1924, for the sum of $2,375, payable on December 1, 1924.

Defendant filed thirteen pleas. Demurrers were sustained to pleas 2, 3, and 5, and overruled as to pleas 6 to 13, inclusive. The eliminated pleas are:

"(2) The defendant is not indebted to plaintiff in the way and manner alleged."

"(3). The general issue."

"(5) There has been a failure of consideration for the note sued on in this case in this: Said note was given to secure the loan of money by the plaintiff to one W. R. Teague, and the plaintiff did not let W. R. Teague have any money on said note."

The remaining pleas set up substantially two grounds of defense: (1) That defendant executed two notes in blank with the understanding that they were to cover money being borrowed by W. R. Teague, and were to be filled out for not exceeding $100 each, but were wrongfully filled out by the payee for $1,500 and $750, respectively; that the note sued on was given to cover those two notes; that no money was furnished to said Teague thereon; and the consideration wholly failed. (2) On the same facts, it is averred, additionally, that Teague was also to sign the two notes before they were used, and that, when defendant was informed of the amounts written into each, he denied liability thereon. (3) That, although the notes were wrongfully filled out, and defendant denied liability thereon as stated, defendant signed the note

in suit as a personal favor to defendant's cashier, to enable him "to get by with the bank examiner," and with the understanding that it fastened no liability on defendant; wherefore the note was procured by fraud and is unenforceable.

Issue was joined on these pleas, and the court, sitting without a jury, found for plaintiff for the amount of the note.

Plaintiff's testimony tended to show that defendant was associated with the said W. R. Teague in the buying of cotton and that notes for $1,500 and $750 were separately given by defendant for the financing of cotton deals by Teague, and for the protection of his account carried by plaintiff bank; that, by prearrangement between the bank and defendant, the full amounts of these notes were credited to defendant's account, and afterwards transferred to Teague's account; that Teague had the full benefit of the loans; and that the note sued on was given by defendant to cover those two notes, with interest, without any of the agreements or qualifications set up in the pleas.

Defendant's testimony tended to support the allegations of his special pleas. He denied that he had anything to do with financing Teague's cotton transactions, but admitted he had a half interest in the profits from what he did himself. He denied authorizing the bank to place any money to his credit, or to transfer money from his account to Teague's.

In order to show the credit transactions claimed by the bank, some deposit slips and yellow statement sheets were put in evidence by the plaintiff, which were objected to by defendant on the ground that they were not books of original entry.

The rulings on this and some other matters of evidence, and the rendition of the judgment, are assigned for error.

Williams & Chenault, of Russellville, for appellant.

Counsel argue for error in the rulings assigned, but without citing authorities.

Curtis, Pennington & Pou, of Jasper, for appellee.

The finding of the judge without a jury, where the testimony is taken orally before him, will not be disturbed on appeal. Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Moon v. Lollar, 203 Ala. 672, 85 So. 6; C. of G. v. Clifton, 202 Ala. 214, 80 So. 36; Halle v. Brooks, 209 Ala. 486, 96 So. 341; Wilkerson v. Sorsby, 208 Ala. 348, 94 So. 481; McClurkin v. McClurkin, 206 Ala. 515, 90 So. 917; State ex rel. v. Farley, 206 Ala. 172, 89 So. 510; Bolen v. Bolen, 205 Ala. 114, 87 So. 797; Jackson v. Jackson, 204 Ala. 257, 85 So. 482; Gray v. Handy, 204 Ala. 559, 86 So. 548; One Ford Auto v. State, 203 Ala. 514, 84 So. 750; Caravella Shoe Co. v. Hubbard, 201 Ala. 545, 78 So. 899. An argument which merely repeats the assignment of error does not require consideration by the court. Stover v. Hill, 208 Ala. 575, 94 So. 826; L. & N. v. Holland, 173 Ala. 675, 55 So. 1001; Dickens v. Dickens, 174 Ala. 345, 56 So. 809; Hamilton v. Cranford, 201 Ala. 403, 78 So. 401; Syllacauga Co. v. Hendrix, 103 Ala. 254, 15 So. 594; Atlanta R. Co. v. Knight, 211 Ala. 216, 100 So. 233.

SOMERVILLE, J. [1, 2] Where the error assigned is the sustention of a demurrer to a plea, an argument asserting merely that the plea sets up so and so, and "is a good plea," is not sufficient to save the assignment from the implication of waiver by noninsistence. However, defendant had the benefit of anything available under pleas 2 and 5 under other pleas, and their elimination on demurrer could not have been prejudicial.

[3] In connection with the testimony of plaintiff's cashier tending to show his agreement with defendant in that regard, the original deposit slips, showing deposits by the bank to defendant's credit of the several sums of $1,500 and $750, shown to have been the proceeds of the notes for those amounts executed by him, were competent evidence of the transactions recited, along with the ledger sheets showing the first permanent entry of those items in the form of an account. Diament v. Colloty, 66 N. J. Law, 295, 49 A. 445, 808; 22 Corp. Jur. 887, § 1077.

The slips and entries were made in due course by the cashier, or under his immediate supervision, and meet every requirement for admissibility. Code, § 7701; Loveman v. McQueen, 203 Ala. 280, 82 So. 530.

[4] The questions propounded to defendant by his counsel, designed to show the date of his return from Sulligent in 1922, and that he had no connection with W. R. Teague's business after that time, were proper questions; but their exclusion was without prejudice, in view of the fact that both questions were in fact answered afterwards, and had, in substance, been answered on the witness' original examination.

[5] It may be that the weight of the evidence supports the contentions of defendant, but we could not for that reason set aside the judgment of the trial court based on the testimony of witnesses heard viva voce, and being, therefore, in practical effect, the equivalent of a jury's verdict. We find no error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.