(116 So. 528)

## MORRIS et ux. v. BESSEMER LUMBER CO.
### (6 Div. 93.)

Supreme Court of Alabama. April 12, 1928.

1. **Mechanics' liens** ⬤➡132(13)—**Materialman under contract with owner is "original contractor," relative to filing verified statement for lien (Code 1923, § 8836).**

A materialman furnishing materials for building under contract with owner is an original contractor, who by Code 1923, § 8836, is given six months after the indebtedness accrues in which to file verified statement for lien.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Original Contractor.]

2. **Mechanics' liens** ⬤➡132(13)—**Materialman furnishing materials to contractor under contract with owner held original contractor relative to time for filing lien statement.**

If owner or his agent opens an account in his own name for materials for a building, with directions to furnish further materials to his contractor, and they are so furnished and charged to the owner, the materialman is an original contractor relative to time for filing statement of lien.

3. **Evidence** ⬤➡376(1)—**Sheet of corporation's ledger held admissible on proof of it being book of original entry, kept in regular course of business, and of correctness (Code 1923, § 7701).**

Ledger sheet, proven by testimony of officer of plaintiff corporation to be its book of original entry, kept in the·regular course of business by employees charged with that duty, and correct on information and belief of the witness, is admissible under Code 1923, § 7701.

4. **Appeal and error** ⬤➡690(4)—**Original of ledger sheet not being sent up, criticism thereof cannot be reviewed.**

Criticism of appearance of a ledger sheet in evidence cannot be reviewed, the original not being sent up.

5. **Husband and wife** ⬤➡23¾—**Finding of joint· liability of husband and wife on account opened by her in name of both for material furnished for his building held supported by evidence of original liability or ratification.**

Evidence that wife 'opened account in name of herself and husband with plaintiff's agent for material for husband's building, that on presentment of account to both, he admitted it correct and gave check in part payment, *held* to support verdict of joint liability either on theory of original liability or of ratification.

6. **Principal and agent** ⬤➡166(6)—**Express recognition of liability implies knowledge of facts required for ratification.**

While ratification requires knowledge of the facts, an express admission of liability implies knowledge of the facts.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 415.

**7. Principal and agent** ⬥166(6)—Whether party has burden of proof of knowledge of facts in case of claimed ratification depends on whether ratification is implied from conduct or from express admission of liability.

The burden of proof as to knowledge of the facts is on the party alleging ratification where it is implied from acquiescence or other conduct apparently inconsistent with subsequent denial of liability, but in case of express admission of liability, the burden is on the party repudiating such recognition of his liability to show mistake, fraud, or other valid defense.

**8. Husband and wife** ⬥23½—Husband's knowledge of wife's procuring material on his credit to improve property and of the amount due is sufficient for ratification.

All the knowledge of facts essential for ratification by husband is that his wife had obtained materials on his credit, to improve his property, and the amount due.

**9. Mechanics' liens** ⬥304(3)—Personal judgment is properly rendered in mechanics' lien suit; indebtedness being established (Code 1923, § 8848).

Under Code 1923, § 8848, indebtedness being established in a mechanics' lien suit, personal judgment is properly rendered, whether or not the lien be properly established.

**10. Mechanics' liens** ⬥262(1)—Husband's ownership being shown in statement for lien filed and properly referred to in complaint, ·lien can be enforced in action asking personal judgment against husband and wife.

The fact of joint suit against husband and wife personally for the demand with the claim of lien on described property would authorize enforcement of the lien though the property was that of the husband alone, his ownership being shown in the statement for lien filed in the probate court and properly referred to in complaint.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action by the Bessemer Lumber Company against R. T. Morris and wife to recover for materials furnished and to establish a lien therefor. From a judgment for plaintiff, defendants· appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Plaintiff, over objection of defendants, introduced in evidence the record of its lien filed in the probate office and certified copy thereof. Defendants objected to same on the grounds: (1) That it affirmatively showed it was not filed within four months; and (2) that there is a variance between the complaint and the proof offered, in that the certified copy purports to be filed against Mr. and Mrs. R. T. Morris and says that the property belongs to R. T. Morris, while the complaint claims a lien on the property of Mr. and Mrs. R. T. Morris on a joint contract.

Charge 4, refused to defendants, is as follows:

"The court charges the jury that under the evidence in this case the jury cannot declare a lien on the lot and house at 2501 Twenty-First street, Ensley, Jefferson county."

Cora R. Thompson, of Birmingham, for appellants.

When the lien is claimed by one who has furnished materials used in the building or improvements, the verified statement must be filed within four months from the time the indebtedness accrued. Long v. Pocahontas Coal Co., 117 Ala. 587, 23 So. 526. The burden was upon plaintiff to prove a joint contract. Copeland v. Kehoe, 67 Ala. 594; First, etc., Church v. Wood Lbr. Co., 205 Ala. 442, 88 So. 433. The burden was upon plaintiff to show that there was an agreement between the parties that the material was to· be used in a certain building on a certain designated lot. Eufaula Water Co. v. Addyston, etc., Co., 89 Ala. 552, 8 So. 25; Cook v. Rome Brick Co., 98 Ala. 409, 12 So. 918; May & Thomas v. McConnell, 102 Ala. 578, 14 So. 768. The burden was upon plaintiff to show that the person purporting to act for the owner as the agent of the owner was authorized to act for him. Wadsworth v. Hodge, 88 Ala. 500, 7 So. 194. Before a principal can be held to have ratified the acts of an agent, or any person purporting to bind him, it must be shown the principal was fully informed of the facts. Clark v. Taylor, 68 Ala. 453; Herring v. Skaggs, 73 Ala. 446; Brooks v. Cook, 141 Ala. 499, 38 So. 641; Chapman v. Lee, 47 Ala. 143. Payments made without specific directions by either party will be held in law to apply to the oldest item of the account. Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276; Lane v. Jones, 79 Ala. 156. A· statement of lien failing to show all credits is fatally defective. Authorities, ubi supra.

Goodwyn & Ross, of Bessemer, for appellee.

The appellee was an original contractor, and had six months from the time the indebtedness accrued within which to file its lien. Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 So. 660; Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276. The declarations of Mrs. Morris, together with the ratification by Mr. Morris of her acts, were enough to prove her agency. Union Naval Stores Co. v. Pugh, 156 Ala. 369, 47 So. 48; Learned, Letcher Lbr. Co. v. Ohatchie Lbr. Co., 111 Ala. 453, 17 So. 934; Williams v. Tyson, 105 Ala. 644, 17 So. 336. Plaintiff's evidence showed a ratification by Mr. Morris of the acts of his wife in .the premises. Chapman v. Lee, 47 Ala. 143; Wadsworth v. ·Hodge, 88 Ala. 500, 7 So. 194. Where a debtor does not direct the

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

.application of a payment, the creditor may apply it as he pleases. Levystein v. Whitman, 59 Ala. 345; Pearce v. Walker, 103 Ala. 250, 15 So. 568. The ledger sheets were properly allowed in evidence. Loveman, etc., v. McQueen, 203 Ala. 280, 82 So. 530; Booker v. Benson Hdw. Co., 216 Ala. 398, 113 So. 256; Code 1923, § 7701. Even if there were an error in the statement of lien, which there was not, this would not vitiate the claim. Jefferson P. & M. S. Co. v. Peebles, 195 Ala. 608, 71 So. 413.

BOULDIN, J. [1] A materialman furnishing materials for a building under contract with the owner is an original contractor, and the verified statement filed under Code, § 8836, within six months after the indebtedness accrues, is within time. Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276; Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 So. 660.

[2] If the owner or his agent opens the account in his own name with directions to furnish further materials to his contractor and they are so furnished and charged to the owner, the same rule applies. Avondale Lumber Co. v. Hudson, 214 Ala. 128, 106 So. 803.

[3] The ledger sheet proven by the testimony of the secretary and treasurer of the plaintiff corporation to be the book of original entry, kept in the regular course of business by employees charged with that duty, and correct upon information and belief of the witness, was admissible under Code, § 7701. Booker v. Benson Hardware Co., 216 Ala. 399, 113 So. 256.

[4] Appellants' criticism of the appearance of this sheet cannot be reviewed, as the original is not sent up. We find in the record no order directing it to be sent up.

[5] Evidence tending to show Mrs. Morris opened the account with an agent who has since died, that she later advised Dillard, plaintiff's secretary and treasurer, of such account, that upon looking at the books the account was shown in the name of Mr. and Mrs. Morris and further materials were sold on the same account, and thereafter Dillard presented the account to both of them in person, and the husband then admitted the account was correct and issued a check in part payment, made an issue for the jury on joint liability of husband and wife. The verdict in this regard was supported either on the theory of original liability or of ratification.

[6, 7] True, ratification requires knowledge of the facts; but an express recognition of liability implies knowledge of the facts. When ratification itself is implied from acquiescence or other conduct apparently inconsistent with subsequent denial of liability, the burden is on the party alleging ratification to prove knowledge of the facts inconsistent with his later conduct. But an express admission of liability, like any other agreement, is presumed to be made intelligently and advisedly. The burden is on him who repudiates such recognition of his liability to show mistake, fraud, or other valid defense.

[8, 9] All the knowledge of facts essential in a case of this kind was that the wife had obtained materials on the husband's credit to improve his property, and the amount due. Whether he did in fact admit this account was a matter for the jury on conflicting evidence. The personal judgment against both defendants was properly rendered whether the lien was properly established or not. Code, § 8848.

The verified statement recorded in the probate court of Jefferson county, introduced in evidence, was not subject to any ground of objection interposed.

[10] The fact of a joint suit against both husband and wife personally for the demand, with the claim of a lien on described property, would authorize enforcement of the lien although the property of the husband alone, his ownership being shown in the statement filed in the probate court and properly referred to in the complaint.

Assuming that the credit of $200 by check first given November 12, 1925, but returned for want of funds, and a good check given January 17, 1926, which was credited on general account, must be applied to the oldest items of the account, it does not follow from the whole evidence that no balance remained unpaid on material ordered for and used in the house, No. 2501 Twenty-First street, Ensley, upon which the lien was claimed and adjudged; hence, refusal of defendants' charge 4 was without error. No assignment of error raised the question as to the extent of the lien.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.