(118 So. 328)

FIDELITY & DEPOSIT CO. OF MARYLAND v. HUTCHENS CO.
(8 Div. 39.)

Supreme Court of Alabama.   Oct. 11, 1928.

THOMAS, J. ▮ The witness Dillard testified she was the bookkeeper for plaintiff for the period of time covering the transactions and sales in question, and said:

"I transcribed the entries in this book from the tab sheets. I transcribed the entries made against the Fidelity & Deposit Company on page No. 1. * * * I made the entries from the sales tickets on pages No. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 13. I copied the balance in the book, of whatever it shows. The Hutchens Company does a mercantile business in Huntsville, so at that time this is the book which I kept on which the entries were transcribed."

She was asked, "And these entries were transcribed from the sales slips by you?" and answered:

"These entries on the book were made by me as bookkeeper from charge tickets made by the salesmen working for the plaintiff. They were correctly transcribed by me in this book. This is the permanent memorandum thereof. They were correctly transcribed by me."

The plaintiffs then offered in evidence pages No. 1 to 13, inclusive, and pages No. A and B of said book.

The ledger referred to by the witness, and kept for plaintiff by her as its bookkeeper, was within section 7701, subd. 4, of the Code, made after the decision in Loveman, etc., v. McQueen, 203 Ala. 280, 82 So. 530, and was prima facie evidence of the sale and delivery of such articles to the person charged therewith, defendant. The ledger entries were, as indicated by the witnesses Hendricks and Hutchens, corroborated and corrected by the "O. K.'s" of the account by O. L. Dillon, Jr., and Hendricks, the authorized agents in charge for such purpose for defendant, and supported the total sum awarded by the judgment rendered.

Cooper & Cooper, of Huntsville, for appellant.

The contract as shown by Hutchens was to the effect that:

"We had an understanding with the Fidelity & Deposit Company, through Mr. Dillon, their representative, about charging the goods and merchandise to the defendant. When Mr. Dillon first called on us he outlined the nature of the material that he would need, and the quantity, and we saw the quantity was large, and that the account would very likely run into a large amount of material. Hutchens Company did not carry all the material in stock that Mr. Dillon wanted. * * * We agreed that we would furnish out of our stock such merchandise as we had at *cost price, plus twenty-five per cent.*, and any merchandise that we did not have *at cost, plus twenty-five per cent., and freight* and we were to deliver the merchandise to him on the Mountain road. We were not to charge for the delivery of any material. The twenty-five per cent. profit included the delivery of the material on the mountain. This began about October, 1924. We delivered the material to him. Mr. Dillon and I went over the account with reference to the balance being due, and fixed the amount due by the Fidelity & Deposit Company to the Hutchens

Lanier & Pride, of Huntsville, for appellee.

Company. The paper which you show me is the account." (Italics supplied.)

We do not find there was error in the construction of this contract by the trial court. The use of the words "cost price" as to the class of goods in the Hutchens Company stock had a different meaning from the "cost" of goods procured by plaintiff from other sources for defendant. The reason and necessity for the immediate delivery to the construction department, "on the Mountain road," was no doubt the reason for the difference in contract price for the two classes of articles furnished. We find no error with the court's ruling and judgment based, as it was, on the accounts as corrected and "O. K.'d" by the parties or their authorized representatives to that end.

It follows from this there was no error in declining the evidence of witness Clark as to wholesale or market prices of dynamite in Huntsville during the month of October to and through December, 1924. Moreover, the defendant did not disclose to the court what relevant answer the witness would make. This was necessary so that this court can pass upon that ruling of the trial court. Terry v. State, 203 Ala. 99, 82 So. 113; B. R. L. & P. Co. v. Simpson, 177 Ala. 475, 483, 59 So. 213; Tolbert v. State, 87 Ala. 27, 6 So. 284; Ross v. State, 139 Ala. 144, 36 So. 718.

The letter of defendant shows the authority of Dillon and Hendricks, and is also borne out by the evidence of Clark. The accounts had been canvassed, rechecked, verified, and corrected by the parties.

We find no error in the ruling on the trial, and in giving affirmative instruction requested by plaintiff, and leaving the question of the amount of the recovery for canvass of the evidence and determination by the jury.

There was no error in overruling the motion for a new trial.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.