(121 So. 23)

**POWELL v. PICKETT.** (4 Div. 416.)

Supreme Court of Alabama. March 21, 1929.

T. S. Frazer, of Union Springs, for appellant.

George W. Andrews, of Union Springs, for appellee.

BOULDIN, J. The suit is upon the common counts. There were verdict and judgment for plaintiff. The assignments of error go to certain rulings on evidence allowed in proof of the account.

The account was for gas and oil sold at plaintiff's filling station. The method of bookkeeping was by charge tickets made at the time by salesmen, and preserved as memorial of the sales.

■ A statement of account made up from such tickets, the original tickets being available, was subject to objection as secondary. Plaintiff's testimony, however, tended to show personal knowledge of the correctness of the items. In such case, the statement is properly admitted as a memorandum of his testimony.

■ The original tickets were later produced and introduced in evidence. If they were admissible, this would cure any error in receiving secondary evidence.

■ On plaintiff's testimony that these charge tickets were made, some by himself and some by his salesmen making such sales under his supervision, and that they were correct, the tickets were properly admitted in evidence, without producing the salesmen or accounting for their absence.

■ Code, § 7701, subd. 4, prescribes the proof required to render admissible books made by transcribing such tickets. Admissibility of the tickets themselves are like proof of verity and correctness. Fields v. Bank, 216 Ala. 381, 113 So. 298; Booker v. Benson Hardware Co., 216 Ala. 398, 113 So. 256.

■■ There was other evidence that defendant promised to pay the account, and made a part payment. A promise to pay implies or supports an inference of knowledge of the amount of the account. Such evidence, therefore, supports the count upon account stated. For this cause the admission of the statement was without error. The amount sued for was $208.58, with interest. The jury's verdict was for $208.85, with interest from January 1, 1927. Judgment was entered November 15, 1927, for $222.26, with interest from January 1, 1927.

The mistake in entering judgment for an excessive amount is here corrected, and judgment rendered for $223.16 as of November 15, 1927. As thus corrected, the judgment is affirmed.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.