ZILIAK & SCHAFER MILLING CO. v. MOORE.

1 Div. 600.

Supreme Court of Alabama.

Dec. 18, 1930.

Rehearing Denied Jan. 22, 1931.

B. F. McMillan, Jr., of Mobile, for appellant.

Inge, Stallworth & Inge, of Mobile, for appellee.

**BOULDIN, J.**

The suit is upon account for merchandise sold by the plaintiff to defendant.

Plaintiff offered in evidence a ledger sheet of the account. Objection by defendant was sustained. This ruling is presented for review.

It appears the shipments were made on orders from an out of town point; that these orders often came in by telephone and were received by different persons at plaintiff's place of business.

The first written memoranda were shipping orders turned over to the invoice clerk, who prepared duplicate invoices, one to be used in loading out, and one turned over to the bookkeeper who proceeded in due course to enter same on the ledger in question.

The bookkeeper testified to transcribing these invoices correctly to the ledger. Objection being made that the invoices were not the original sales tickets (section 7701, subd. 4, of the Code), the bookkeeper further testified that the shipping orders accompanied the invoices to him, that he checked the correctness of the invoice, then used it because typewritten and more legible in writing up the ledger entries.

Treating the shipping orders as original salesman tickets within the above-cited statute, this evidence sufficiently shows the bookkeeper transcribed the contents of the shipping orders to the ledger of his own knowledge. That he used the verified invoices as a matter of convenience in the clerical work before him does not render the ledger incompetent. Such would be a too narrow construction of this remedial statute, evidently passed with a view to meet difficulties in making any legal proof of merchants' accounts under modern business conditions, as pointed out in Sharp v. Blanton, 194 Ala. 460, 69 So. 889, and especially stressed in Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 So. 530.

It further appears this ledger was the first permanent memorial of the several transac-

tions; that the original shipping orders and invoices were all destroyed by fire.

If the ledger be treated as the book of original entry, it was admissible under Code, § 7701, subd. 3. Booker v. Benson Hardware Co., 216 Ala. 398, 113 So. 256.

If the shipping orders be regarded as the original entries made contemporaneous with the transaction, they would be admissible under the same subdivision, if available. Powell v. Pickett, 219 Ala. 18, 121 So. 23; Fields v. First Nat. Bank of Haleyville, 216 Ala. 381, 113 So. 298.

Such original entries being destroyed, the ledger kept in due course of business became admissible under Code, § 7701, subd. 5.

The real issue of fact is not as to the correctness of the account as to amount. All parties agree as to the value of the goods purchased and as to the balance unpaid on the account.

The controversy in this regard relates to who is the debtor. Plaintiff claims the goods were purchased on the credit of John P. Moore, defendant's testator, and charged to his account along with other items admittedly purchased by him and by his authority, or with his knowledge and consent.

The goods were actually ordered, received, and used by C. C. Moore Logging Company, a corporation headed by C. C. Moore, the son of John P. Moore.

Appellee insists the exclusion of the ledger was harmless because the sole issue was whether the account was properly charged to John P. Moore.

■ The ledger was not only evidence of the amount due, but evidence of an indebtedness from the party there shown; not conclusive by any means, but evidence to be considered along with all the evidence on such issue. There was some evidence for defendant tending to controvert plaintiff's contention that the account was charged on the books originally to John P. Moore. We cannot hold the rejection of the ledger was harmless.

. ■ Ed Lamey, the credit man of plaintiff, acting under the official title of assistant manager, had implied authority to adjust controversies and correct errors, if any, in the course of his supervision over collections. His letters to Miss Lula Moore and alleged declarations touching the account pending efforts to collect were admissible. He was more than a mere collecting agent.

The issue presented two phases. One was whether the goods were rightfully charged to John P. Moore in the first instance. The second was whether there was a novation, releasing his estate and accepting his son's company, C. C. Moore Logging Company, as sole debtor.

■ Receiving this company's check was presumptively a conditional payment merely; effective only if cashed on presentation.

■ Acceptance of the company's note after the check was dishonored was presumptively taking a further security for the debt.

■ These transactions, however, in connection with all the negotiations and declarations touching same went to the issue of who was the original debtor, and also of a novation after the death of John P. Moore.

■ C. C. Moore Logging Company having received and used the goods purchased, and so due to pay for them either to plaintiff or to John P. Moore, no question of ultra vires arises to defeat a novation, if such there was.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.