(137 So. 422)

## MITCHELL v. BIRMINGHAM NEWS CO.
### 6 Div. 951.

Supreme Court of Alabama.
Oct. 29, 1931.

Rehearing Denied Nov. 19, 1931.

O. B. Cornelius, of Birmingham, for appellant.

R. Du Pont Thompson and Walter S. Smith, both of Birmingham, for appellee.

GARDNER, J.

The suit was by the Birmingham News Company against O. O. Mitchell and J. H. McDonald as individuals and as partners doing business under the firm name of the Peerless Motor Sales Company, to recover an advertising account; the cause of action being stated on account, account stated, and in count 4 for breach of the written contract made a part thereof. There was verdict and judgment for the plaintiff, from which defendant Mitchell alone appeals.

It appears that as to such appeal the requirements of section 6143, Code 1923, have been substantially complied with and the suggestion to the contrary is without merit. The case of Sherrod v. McGruder, 209 Ala. 260, 96 So. 78, is not analogous.

There was motion for a new trial which was overruled, and the bill of exceptions was presented to the presiding judge and by him signed within ninety days after the denial of said motion. It has been ruled that under the provisions of section 6433, Code 1923, the making of the motion extended the time for presenting the bill of exceptions, and that the case of McMillon v. Skelton, 208 Ala. 693, 95 So. 148, relied upon by appellee, had application to the statute prior to its present change and was therefore inapt. The question was duly considered in J. H. Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305, and needs no further comment. The bill of exceptions is therefore properly before us, and the cause is to be considered upon its merits.

In view of the defendants' affidavit denying the correctness of the verified account, it would seem there was error in admitting such account in evidence without further proof. Section 7701, Code 1923; Booker v. Benson Hardware Co., 216 Ala. 398, 113 So. 256. But this account, it appears, was but a copy of the ledger account in evidence, the correctness of which was established by the credit manager of plaintiff, and which was admissible under subdivision 3 of section 7701, supra. Morris v. Bessemer Lumber Co., 217 Ala. 441, 116 So. 528. Moreover, there appears no controversy as to the correctness of the account so far as the items and amounts

therein are concerned. We would be unwilling, therefore, to rest a reversal upon this ruling, as clearly the error was without injury to defendant.

The advertisements which appeared in June, July, and August, 1926, were offered in evidence and are set out in the record. Upon their face they appear to be those of the Kitchens Motor Car Company, 415 South Twenty-First street. The contract, the basis of this suit, was with the Peerless Motor Sales Company, by O. O. Mitchell, 210 South Twenty-First street, and bears date June 1, 1926. It was defendant's contention that although he signed this contract, yet it was in September, 1926, and the date is erroneous; further, that the Peerless Motor Sales Company was a partnership formed between defendant McDonald and himself about September 15th, and was therefore not in existence in June, July, and August, when these advertisements were run; that the contract was for advertisements when ordered, and that none were ever ordered; that he never did assume any obligations of the Kitchens Motor Car Company, and had never seen these advertisements until a few days before the trial, and never handed any of them to any representative of plaintiff for insertion in the paper. Plaintiff's representative could not testify that appellant gave him the advertisements, but stated he got them from appellant or some representative of his, and he insists also the date on the contract is correct.

The case presented a sharp conflict in the proof. Under these circumstances we think there was no error in the court permitting plaintiff on cross-examination of appellant to elicit proof that he at one time had stock in the Kitchens Motor Car Company, a corporation, and the amount thereof. His interest therein was proper to be considered upon the question as to whether or not the advertisements were given for his benefit in fulfillment of the contract. We are of the opinion, however, there was prejudicial error committed in sustaining plaintiff's objections to questions propounded to Fullerton, plaintiff's credit manager, on cross-examination by defendant. Assignments of error 36, 37, and 38. We are aware of the rules of latitude of discretion allowed the trial court on matters of cross-examination (Alabama Power Co. v. Berry, 222 Ala. 20, 130 So. 541), yet the right of cross-examination is a valuable right, so recognized by statute (section 7731, Code 1923) and by decisions (Mobile & Ohio R. R. Co. v. Watson, 221 Ala. 585, 130 So. 199; Hardegree v. Riley, 219 Ala. 607, 122 So. 814).

As previously noted, the advertisements purported to be those of the Kitchens Motor Car Company, and not the Peerless Motor Sales Company on whose contract the suit was based. Manifestly, if there was no contract with or account against the Kitchens Motor Car Company, this was a circumstance in plaintiff's favor and was so testified to by Fullerton, the credit manager. It was therefore important and proper that defendant be permitted on cross-examination to test the credibility or reliability of the witness (Mobile & Ohio R. R. Co. v. Watson, supra), and to ascertain from the witness whether or not the contracts of plaintiff were numerous and also whether or not he had examined all contracts of such character with particular reference to the ascertainment of the fact to which he so positively testified. The ruling sustaining objections to these questions too closely restricted the right of cross-examination, and in view of the sharp conflict in the proof, we are persuaded it was of a prejudicial character.

One other question, in view of another trial of the cause, should have attention. It is insisted there was no sufficient proof of any stated account and that the court erred in giving for the plaintiff charge 10 emphasizing that feature of the complaint, which also finds reference in the general charge of the court. Plaintiff, in this respect, relied upon the rule of presumption (rebuttable of course) that a letter properly addressed, with postage prepaid, deposited in the mails, reached its proper destination. Holmes v. Bloch, 196 Ala. 322, 71 So. 670; Pioneer Sav. & Loan Co. v. Thompson, 115 Ala. 552, 22 So. 511. We think it clear that when the letter, addressed to the "Peerless Motor Sales Company, 210 South Twenty-First Street, City," was offered in evidence, the proof was insufficient as to some of the foregoing necessary conditions (2 Chamberlayne on Evidence, §§ 1058–1061; 22 C. J. pp. 96–100), and the court properly sustained the objection to its admission. Whether further examination sufficed to supply the deficiencies we need not stop to inquire, for whatever may have been intended, the letter was not again offered in evidence.

It appears that immediately following the ruling sustaining defendant's objection to the introduction of the letter in evidence "plaintiff offered to read said letter that it might appear of record," presumptively for the purpose of review of the court's ruling. It was not again introduced or offered to be introduced in evidence. We must take the record as we find it, and so considered the letter was not a part of the evidence in this cause. But as the question first herein discussed calls for a reversal of the cause, further consideration of this latter question is unnecessary.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.