167 So. 295

## ELLIOTT v. STANDARD OIL CO. OF LOUISIANA.

### 8 Div. 719.

Supreme Court of Alabama.

April 9, 1936.

J. G. Rankin, of Athens, for appellant.

Thos. S. Woodroof, of Athens, for appellee.

FOSTER, Justice.

This is a suit on an open account for goods sold to defendants sued as partners, in which the burden was on plaintiff to prove its correctness. To meet that burden, the plaintiff introduced as a witness W. F. Bradley, who testified that he was credit manager for plaintiff, and, as such, had supervision of accounts receivable, and handled credits. He identified a sheet, and testified that it is the original ledger sheet, and that he knew these entries on it to be true and correct, and made by this bookkeeping machine operator, whose duty it was to make them, and that they were made under the direction of the witness, and in the regular course of business; that the entries were made on that ledger sheet from signed delivery receipts or tickets sent in from substations representing sales by tank salesmen, with the customer's signature on each ticket; but that he did not know the customer's signature; those signed tickets are sent direct to his office in Memphis when the ledger is made from them, and they are then filed in the office. A bookkeeper makes up the ledger from those tickets. Plaintiff then offered the ledger sheet. It showed each item of debit and credit with balance after each such entry, giving the date of the entry, but it does not show the nature or amount of the merchandise, or that it was for merchandise. Objection by defendant was overruled. The tickets were then shown witness, and he testified that they are the original delivery tickets sent in by the tank wagon salesmen

from which the ledger was made up; that he had checked those tickets with the ledger and they agree; that he did not see any of those tickets made or signed; that he did not see all the tickets as they came in, but did see some of them. They were kept on file in his office in Memphis. The tickets were then offered and are copied in the transcript. They were made out to defendant partnership and signed by one of the partners, and the date, amount, and price of the gasoline and oil of each item is stated. There was objection overruled.

This was all the evidence, and the court gave the affirmative charge for plaintiff as requested in writing upon proper hypthesis. The assignments relate to those rulings.

It is insisted that section 7701, Code, was not complied with. We think this evidence does comply with the requirements of subdivision 3 of that section, so as to make the ledger sheet admissible. Booker v. Benson Hardware Co., 216 Ala. 398, 113 So. 256; Mitchell v. Birmingham News Co., 223 Ala. 568, 137 So. 422; Morris v. Bessemer Lumber Co., 217 Ala. 441, 116 So. 528; Warren Webster & Co. v. Zac Smith S. Co., 222 Ala. 41, 130 So. 545; Denson v. Kirkpatrick Drilling Co., 225 Ala. 473, 144 So. 86.

Under subdivision 3 of section 7701, Code, the ledger sheet so proven is prima facie proof of the matters shown by it. It is observed that under subdivision 3 the proof may be made by any interested person, manager, or other official. When its requirements are met, the proof which may be made under subdivision 4 is not necessary. That provision is that the testimony of the clerk or bookkeeper who entered the items in the ledger from the tickets that they were correctly transcribed by him in due course of business from the original tickets, which came in due course from the salesmen shall also render such entries in the ledger prima facie evidence of the sales. Those tickets were admissible in connection with the evidence offered in this case under subdivision 3. Fields v. First National Bank, 216 Ala. 381, 113 So. 298; Powell v. Pickett, 219 Ala. 18, 121 So. 23.

We think the evidence conformed to the requirements of law as now existing, and makes out a prima facie case. There is none in conflict.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.