175 So. 257

## DEAN v. THAMES.

### I Div. 972.

Supreme Court of Alabama.

June 17, 1937.

Geo. E. Stone, Jr., of Mobile, for appellee.

FOSTER, Justice.

This is a suit on a claim for the balance due on annual leases of a house extending from November 1, 1932, to October 31, 1936; there having been executed a separate lease contract for each year. The transaction was handled for plaintiff by a firm of real estate agents, said to be incorporated, who represented her in making the leases and collecting the rent monthly. They kept a ledger account showing the monthly charge, amount collected, and bal-

ance remaining unpaid each month in respect to all previous transactions.

Tho bookkeeper testified that he made up the ledger sheets, on which he entered the credits from one of the triplicate receipts made at the time when a payment was made by defendant. The bookkeeper did not make the receipts, but they were made by the collector—one triplicate was given to defendant, one put in the cash drawer for posting by witness, and one was filed away for permanent record. The witness does not in terms say that he correctly transcribed the amounts from the receipts, as we read his testimony, but that is a fair inference from his testimony.

■ Upon that assumption, and no claim to the contrary is here made, the ledger sheets were admissible under section 7701, Code. Denson v. Kirkpatrick Drilling Co., 225 Ala. 473, 144 So. 86; Ziliak & Schafer Milling Co. v. Moore, 222 Ala. 254, 131 So. 798; Elliott v. Standard Oil Co., 232 Ala. 142, 167 So. 295; Fidelity & Deposit Co. v. Hutchens Co., 218 Ala. 171, 118 So. 328; Warren Webster & Co. v. Zac Smith Stationery Co., 222 Ala. 41, 130 So. 545.

■ From an examination of these ledger sheets, the witness was allowed to testify to the amount of the balance each year. In this there was no error. Hurst v. Kirby, 213 Ala. 640, 105 So. 872.

■ The balance unpaid each year was carried forward into the next year's account, and from it the balance was calculated, and grew as defaults thereafter occured. The court referred to this in his charge in a way which was not prejudicial to appellant. The suit was for a moneyed judgment with no claim of lien. It was for the balance due as on account. So that what effect this procedure might have when a lien is claimed on property of the tenant, especially that acquired after the expiration of the year when such balances accrued, is not here involved. We are not concerned with section 8801, Code, which has no application to a tenant of a storehouse. The balance of account was not improperly carried forward each year for the purpose merely of ascertaining the amount due at the end of the transactions.

■ The defendant was prohibited by section 7721, Code, to testify to a transaction with Horn, who was then acting as agent for plaintiff and who was dead at the time such testimony was proposed.

We do not think there is error among the assignments argued by appellant's counsel.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.