# Cunyus *v.* Guenther.

### *Action on Promissory Note.*

1. *General issue.*—To a complaint in *assumpsit* on a note, a plea that the defendant "is not guilty of the matters therein alleged" is not appropriate, and may be stricken from the file.

2. *Error without injury in striking out part of plea* —Where to a complaint in *assumpsit* on a note the defendant pleaded that the plaintiff "is not a *bona fide* holder of said note for value, and that said note is without consideration," the action of the court in striking from said plea the words, "that the plaintiff is not a *bona fide* holder of said note for value," if error at all, is error without injury to the defendant, for the reason that he had all the benefit from said plea with those words stricken from it that he would have had if they had remained in it.

3. *Error without injury in ruling on pleadings.*—Sustaining a demurrer to a plea, if erroneous, is error without injury, where the defendant had the benefit of the same defense under other pleas.

4. *Misrepresentation; what does not amount to* —Where a note was given for the premium on a life insurance policy, a statement by the insurance agent that the company "would allow an advance dividend," even if not fulfilled, is not a misrepresentation of fact which would avoid the note.

5. *Company, as a foreign corporation; what is not evidence of.*—Where it appears from a policy of insurance that the company issuing it has

Vol. 96.

[Cunyus v. Guenther.]

a president, a secretary, and a treasurer; and it appears from the recitals of the policy that the name of the company is the "Penn Mutual Life Insurance Company of Philadelphia," that it has its home office in Philadelphia, in the State of Pennsylvania; but there is no recital in the policy that it was incorporated under the laws of that State, or incorporated at all, nor anything from which that fact can be inferred; *Held*, that the policy does not show that said company was "incorporated by any other State or foreign government," within the meaning of the statute (Code, § 1209.)

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

W. M. SPENCER, for appellant.

J. Q. COHEN, *contra*.

THORINGTON, J.—Appellee is the general agent for the northern division of Alabama for the Penn Mutual Life Insurace Company of Philadelphia, the main office of which is located in the city of Philadelphia, in the State of Pennsylvania. Appellant, through one of appellee's sub-agents, took out a life policy, and gave his note for the first premium, payable to appellee individually, and the suit is upon this note. Defendant filed six pleas, one of which was intended for the general issue, and, after the caption, is as follows: "Comes the defendant, and for answer to the complaint filed against him in the above entitled cause files the following plea in bar to said suit: First. Defendant says he is not guilty of the matters therein alleged." And the second plea is as follows: "Second. Defendant, for further plea, says that said G. A. Guenther is not a *bona fide* holder of said note for value, and that said note is without consideration." The third plea alleges misrepresention and fraud on the part of the agent with whom the defendant dealt, in procuring the policy, by which he was misled. The fourth plea contains the defense of want of consideration, and also that the insurance company never complied with the provisions of article III of chapter 5 of the Code, relating to foreign insurance companies. The fifth and sixth pleas likewise set up the last mentioned defense; said sixth plea also containing the averment that plaintiff caused the note to be made payable to himself individually, for the purpose of evading the statute above referred to. The first plea was, on motion of the plaintiff, stricken from the files, and on like motion the words, "that said G. A. Guenther is not a *bona fide* holder of said note for value and" were stricken from the second plea. The demurrer to the third plea was overruled, and the demur-

[Cunyus v. Guenther.]

rers to the fourth plea as amended, and also to the fifth plea, were sustained, and the demurrer to the sixth plea was overruled. The case was tried without a jury, and judgment was rendered by the court for the plaintiff, and, by the terms of the act creating the court, the appeal brings up the whole case for review.

The first plea is not appropriate to a complaint in *assumpsit*, and was properly stricken from the file by the court. The words hereinabove quoted were stricken from the second plea on the ground that they involved a denial of plaintiff's ownership of the note sued on, and that the plea was not verified by the defendant's oath. Without these words, the plea is that the note sued on is without consideration. No objection is made to that part of the plea, and no rule or statute requires a plea averring either want or failure of consideration to be verified. What is implied, then, in the plea of a want of consideration? Simply that the plaintiff is a holder of the note without value or consideration paid therefor. The insertion in such a plea of the words that the plaintiff "is not a *bona fide* holder of the note for value" merely expresses what is implied in the plea without such words. The error of the court, however, if it was error, in striking out these words, was without possible injury to the defendant, for the reason that he had all the benefit from his plea with those words stricken from it that he would have had if they had remained in it.

It is unnecessary to consider the ruling of the court on the demurrers to the fourth and fifth pleas, for the reason that the demurrer to the sixth plea was overruled, and that plea sets up the same defense attempted to be set up in the other two pleas. The defendant had the benefit under the sixth plea of the defenses sought to be raised by the fourth and fifth pleas.

The plaintiff made out a *prima facie* case for recovery on offering in evidence the note signed by the defendant and payable to the plaintiff. It was then incumbent on the defendant to sustain his pleas of misrepresentation and fraud, and that the Penn Mutual Life Insurance Company was a life insurance company incorporated by another State or foreign government. In neither of these respects does it appear from the bill of exceptions that the burden of proof has been met by the defendant. It is not shown that the representations of fact alleged to have been made by the agent were false. On the contrary, the preponderance of the proof seems to be the other way. And the alleged statement of the agent that the company would allow an advance

dividend, even if not fulfilled, was not the misrepresentation of a fact, but the mere statement of an intention, or a promise to do an act in the future. "A promise, strictly speaking, is not a representation. The failure to make it good may give a cause of action, but it is not a false representation which will authorize a rescission of the contract."—*Piedmont Land & Impr. Co. v. Piedmont Foundry & Machine Co., ante,* p. 389. But the making of a promise, and having no intention, at the time, of performing it, constitutes a fraud for which a contract may be rescinded. There is no such proof, however, in this record. Nor is it made to appear that the Penn Mutual Life Insurance Company, which issued the policy, is a life insurance company incorporated under the laws of any other State or foreign government. The only proof pertinent to that issue is the policy of insurance offered in evidence by the defendant, for the premium on which the note was given. From the recitals of the policy it appears that the name of the company is "The Penn Mutual Life Insurance Company of Philadelphia," and that it has its home office in Philadelphia in the State of Pennsylvania; but there is no recital in the policy that it was incorporated under the laws of that State, or incorporated at all, nor is there anything from which that fact can be inferred. It appears from the policy that the company has a president, a secretary, and treasurer, but it has been held that this alone is not sufficient to give rise to the inference that a company is incorporated.—*Clark v. Jones,* 87 Ala. 474. The statutes relied on in the plea relate in terms only to life insurance companies incorporated under the laws of another State or a foreign government. Whether, if it had been shown that the insurance company had been so incorporated, and had failed to comply with the sections of the Code at the time of issuing the policy, the defense would have been available to the defendant in this action, we need not decide.

The record discloses no error prejudicial to the defendant, and the judgment of the City Court is accordingly affirmed.

Affirmed.