# McDennis *v.* Finch, *et al.*

### Assumpsit.

(Decided June 8, 1916. 72 South. 352.)

1. **Vendor and Purchaser; Title of Vendor; Contract; Approval of Counsel.**—Where the contract was for the sale of land, dependent upon title in the vendor satisfactory to the attorney of the purchaser, a recovery depended upon the good faith of the expressed dissatisfaction of the attorney of the purchaser.

2. **Same.**—As bearing on the issue of the good faith of the attorney of the purchaser in rejecting title as unsatisfactory, the sufficiency of the title is a pertinent issue.

3. **Same; Adverse Possession.**—Where the vendor's title is by adverse possession, and the lands had not actually been occupied, and both the character and continuity of possession are in dispute, the rejection of such title by the attorney of the purchaser cannot be deemed capricious or in bad faith.

4. **Same; Failure of Title to Part.**—Where the contract was for the sale of land, depending upon satisfactory title to the whole, it is not separable, and proportionate compensation will not be awarded upon a failure of title as to 20 acres out of the 900 acres.

5. **Same; Defective Title; Notice.**—Where the agent of the vendor was notified that the title was defective, and submitted a second abstract which did not remove the objection, he was not entitled to notice further that the title was unsatisfactory.


APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Joel McDennis against F. B. Finch and others, for damage for breach of contract. From a judgment for defendant plaintiff appeals. Affirmed.

GEO. E. BUSH, and J. M. CHILTON, for appellant. PERCY, BEN-
NERS & BURR, for appellee.

McCLELLAN, J.—This action was instituted by the appel-
lant against the appellees to recover $3,000 as damages for breach
of a contract, the presently important features of which read:

"This agreement, made and entered into this 10th day of
May, 1909, by and between Joel McDennis of the first part and
F. B. Finch, H. C. Stiles, W. S. Lovell, and H. L. Badham of the
second part, witnesseth:

"Party of the first part does hereby agree to procure from
Mrs. Martha J. Pyron a good and sufficient deed with covenants
of warranty conveying to parties of second part the following
described lands at and for the sum of twelve thousand dollars
($12,000) and to deposit said deed forthwith with the American
Trust & Savings Bank of Birmingham, Ala., as trustee; said
American Trust & Savings Bank to hold said deed in escrow and
to also hold the twelve thousand dollars which is to be deposited
with said bank by parties of second part, on the following terms:

"Party of the first part is to furnish parties of second part an
abstract of title to said lands and parties of second part shall have
until May 23, 1909, to determine whether they will buy said
lands at and for the sum of twelve thousand dollars. If party of
first part procures a conveyance with usual covenants of war-
ranty executed by Mrs. Martha J. Pyron to parties of second part
covering lands described in this agreement, and if Mrs. Martha J.
Pyron has a good and sufficient title to said lands which meets
with the approval of attorney of parties of second part, and if
Mrs. Martha J. Pyron deposits said conveyance in escrow and
leaves same with the American Trust & Savings Bank until May
23, 1909, to be delivered to parties of second part on the payment
of twelve thousand dollars to Mrs. Martha J. Pyron, then party
of first part is to receive three thousand dollars ($3,000) which
is to be deposited simultaneously herewith by parties of second
part with the Birmingham Trust & Savings Company as trustee;
and this without reference to whether parties of second part ex-
ercise their option to take said lands at twelve thousand dollars,
or not; provided, as hereinbefore set out, that the title to said
lands of Mrs. Martha J. Pyron is approved by attorney of parties
of second part, and provided Mrs. Martha J. Pyron deposits and
leaves with said American Trust & Savings Bank as trustee, in

escrow, a valid conveyance to parties of second part on the terms hereinbefore set out.

"It is understood that, although the title may be satisfactory to said lands, parties of second part shall have the right to decline to consummate the purchase of said lands if they shall not desire to buy the same, but if party of first part complies with his agreement, as hereinbefore recited, he is to receive the sum of three thousand dollars from parties of second part.

"An abstract of title is to be furnished by party of first part, and the lands in question are.   *   *   *   "

The court gave the general affirmative charge for the defendants, at their request.   It appeared without dispute that Mrs. Pyron had no muniment of title to 20 acres of the 900 acres to which this contract had reference; but it was asserted that title to the 20 acres had become perfected in her by reason of adverse possession for upwards of 20 years.   The attorney of the appellees (parties of the second part) withheld his approval of Mrs. Pyron's title on the ground that, as to 20 acres, her title was not satisfactory.

(1-3)  Parties to a contract concerning the title to, or the sale of, lands may validly stipulate, as a condition to the binding quality of the obligations, or the efficacy, of the contract, that the title thereto shall be satisfactory to the vendee or to an attorney chosen by both, or either, of the parties.   In this instance, the contract under consideration provided that the title of Mrs. Pyron should be not only "good and sufficient" but that it should be such as met the "approval of the attorney of the parties of the second part."   It is manifest that the effect of the just re-stated provisions could not be satisfied by the presence of a title in Mrs. Pyron that was good or marketable.   These provisions required more than that.   They exacted the satisfaction of the attorney with the title she had.   So the controlling inquiry was and is, not whether Mrs. Pyron in fact had a good and sufficient title to the land described in the contract, but whether, in respect to her asserted title, the attorney's conclusion and assertion of dissatisfaction therewith was founded and entertained in good faith; was not capricious, nor the result of a design to be dissatisfied.—*Electric Lighting Co. v. Eider,* 115 Ala. 138, 152, 153, 21 South. 893; *Hollingsworth v. Colthurst,* 78 Kan. 455, 96 Pac. 851, 130 Am. St. eRp. 382, 18 L. R. A. (N. S.) 741, and note; *Watts v. Holland,* 86 Va. 999, 11 S. E. 1015; *Averett v. Lipscombe,* 76 Va. 404;

*Liberman v. Beckwith,* 76 Conn. 317, 65 Atl. 153, 8 Ann. Cas. 271.
Of course, as bearing on the issue .of good faith of the attorney
in attaining his conclusion of dissatisfaction with Mrs. Pyron's
title, the state of her title, in respect of its sufficiency, was well
within the issues to be determined. Mrs. Pyron had, as stated,
no muniment of title to 20 acres of the tract. Her sole claim
for title thereto was adverse possession thereof for more than
20 years. Whether this claim was good or could be established
depended upon evidence of acts of possession calculated to indi-
cate her claim. That status at least presupposed a chance for
controversy, for litigation; a contest that alone could finally con-
clude the matter in favor of the perfection of her title to the 20
acres by adverse possession. The 20 acres had not been actually
occupied, either for the purposes of husbandry or of residence.
It is manifest from this record that both the character and con-
tinuity of the possession of this twenty acres—to which a title in
Mrs. Pyron must, if at all, be referred—involved matters of such
uncertainty as could only be removed by judicial proceedings, the
result of which might well depend upon the credence to be ac-
corded the testimony of witnesses bearing on acts of possession.
It is too clear to admit of doubt that an attorney or a layman—to
whose satisfaction with the title to land a contract subjects the
obligations of the parties thereto, or even the efficacy of the con-
tract—is dissatisfied, within the legal right to determine satis-
faction vel non with respect to the title to land, if the title de-
pends for sufficiency upon the establishment thereof through
judicial proceedings the result of which is to be affected, if not
controlled, by a conclusion or conclusions drawn from evidence
which does not itself plainly foreshadow a definite judgment in
the premises. Such is the case in this instance. Whether Mrs.
Pyron had any title to the 20 acres could only be finally deter-
mined by judicial proceedings, appropriate to invite evidence
bearing on the inquiry, whether the possession on which her
asserted title thereto rested was open, notorious, hostile, and con-
tinuous for the period requisite to invest title.

(4, 5) It is insisted for the appellant that, even if Mrs. Pyron
had no title to the 20 acres, this would and should only affect the
abatement of the measure of plaintiff's recovery in proportion
that acreage bore to the whole (900) described in the contract.
Aside from other considerations, it is sufficient to say, in re-
sponse to this contention, that the contract contemplated a satis-

[McDennis v. Finch, et al.]

factory title to the whole lands described therein. To conclude otherwise would result in apportioning a contract that the parties thereto made as upon and for an inseparable entirety. It is further insisted for the appellant that the contract, imposed upon the attorney, described therein the obligations to initially investigate the title of Mrs. Pyron to the land. We do not so understand the provisions of the contract. Indeed, the plaintiff, himself, interpreted it as being fully satisfied in that respect by submitting abstracts of title for the consideration of the attorney described in the contract. The plaintiff was correct in his interpretation of this phase of the contract. It appears that plaintiff was reasonably advised of the attorney's opinion that Mrs. Pyron was without title to 20 acres (40 acres, as stated in his opinion) of the tract. The second abstract did not remove the objection to the sufficiency of the title to the 20 acres. No further notice of the attorney's conclusion, that the title to the 20 amres was deficient, was due the plaintiff; he having been reasonably advised of that deficiency in the title, and he having failed on a second attempt to show a title thereto that was satisfactory to the attorney passing upon it in good faith. There was no semblance of waiver by the defendants of the plaintiff's obligation to furnish a satisfactory title to the entire tract.

The learned trial court gave effect in his rulings to the considerations we have stated; and, in consequence, gave the general affirmative charge for the defendants. The plaintiff did not comply with obligations with respect to title to the entire tract, assumed by him as conditions precedent to his right to the benefits to accrue to him under the contract. Hence he could not rightfully recover in any event.

The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.