(104 So. 284)

## QUISENBERRY et al. v. GRANT et al.
(4 Div. 994.)

(Court of Appeals of Alabama.    April 21, 1925.)

1. Vendor and purchaser &⊃341(4)—Whether vendors or purchasers broke contract held for jury.

Whether vendors or purchasers' broke contract for sale of land *held* for jury on conflicting testimony of parties and their attorneys.

2. Vendor and purchaser &⊃137—Stipulation requiring approval of title by vendee's attorney valid.

Stipulation that title shall be approved by vendee's attorney before he is bound to purchase is valid.

3. Vendor and purchaser &⊃129(1)—Title to whole tract may be rejected if title to any part is bad.

Title to whole tract may be rejected by purchaser if title to any part is bad.

4. Vendor and purchaser &⊃144(1)—Vendee not bound to give other notice of defects pointed out by his attorney to vendor.

Where defects are pointed out by vendee's attorney to vendor, who fails to cure them in second abstract, vendee is not bound to give other notice.

5. Vendor and purchaser &⊃137 — Evidence that title is good admissible only on issue of bona fides of vendee's attorney in refusing to approve it.

Evidence that title is good is admissible only on issue of bona fides of vendee's attorney in refusing to approve title.

6. Vendor and purchaser &⊃137—Action of vendee's attorney in rejecting title presumed to be in good faith.

Action of vendee's attorney in rejecting title is presumed to be in good faith, and burden of proving bad faith is on party asserting it.

7. Vendor and purchaser &⊃137—Testimony of vendees and their attorneys admissible in support of good faith in rejecting title.

Testimony of vendees and their attorneys is admissible in support of their good faith in rejecting title.

8. Vendor and purchaser &⊃341(4)—General affirmative charge for vendees suing for recovery of price held properly refused.

Where there was evidence authorizing inference by jury or tending to show that abstract and title shown thereby were approved by vendees' attorneys, or one of them, court properly refused general affirmative charge for vendees in their suit for recovery of purchase money.

9. Appeal and error &⊃1040(1)—Rulings affecting special plea, setting up defenses available under general issue, harmless.

Rulings affecting special plea, setting up only defenses available under plea of general issue, are harmless.

---

&⊃For otner cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Vendor and purchaser ⬤═137—Rejection of title by adverse possession not capricious or in bad faith.**

Rejection of title by adverse possession by purchaser's attorney cannot be deemed capricious or in bad faith.

**11. Appeal and error ⬤═1064(1)—Charge that abstract showing title by adverse possession warranted recovery by vendors in vendee's action for recovery of price held prejudicial error.**

In vendees' action for recovery of purchase price of land, charge that vendors would be entitled to recovery if abstract furnished by them showed title by adverse possession *held* error, prejudicial to vendees in view of conflicting testimony.

**12. Appeal and error ⬤═1026—Error in rulings, not substantially hurting appellants, not ground for reversal.**

Error in rulings, not operating to substantial hurt of appellants, will not work reversal.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action in assumpsit by R. D. Quisenberry and another against J. A. Grant and another. Judgment for defendants "and plaintiffs appeal. Reversed and remanded.

Chauncey Sparks, of Eufaula, and Ball & Beckwith, of Montgomery, for appellants.

Plaintiffs were entitled to the affirmative charge. Title by adverse possession is not sufficient in this case. McDennis v. Finch, 197 Ala. 76, 72 So. 352; Hollingsworth v. Colthurst, 78 Kan. 455, 96 P. 851, 18 L. R. A. (N. S.) 741, 130 Am. St. Rep. 382; 19 Ency. on Evi. 917; 3 Elliott on Evi. § 2127; 13 Ency. Evi. 891; 6 Ency. Evi. 6; Wilk v. Key, 117 Ala. 285, 23 So. 6.

W. H. Merrill and McDowell & McDowell, all of Eufaula, for appellees.

Attorneys may not, through caprice, reject title. Elec. L. Co. v. Elder Bros., 115 Ala. 138, 21 So. 983; McDennis v. Finch, 197 Ala. 76, 72 So. 352.

RICE, J. Appellants and appellees contracted in writing, in 1919, for the sale, by the latter to the former, of a tract of land. The contract contained the following provisions:

"The first parties [appellees] will furnish to said second party [appellants] at once a complete abstract of title to said lands and upon the approval of said title by the attorneys for the second party * * * will execute * * * said warranty deed."

"Said second party agrees to buy said lands * * * and to pay therefor * *. * upon the approval of the titles thereto by their attorneys."

"Five hundred dollars is paid at this time which is to * * * be refunded to the second party if said titles are rejected by its attorneys."

The sale never being consummated, the plaintiffs in the court below, appellants here, brought this suit against the defendants, appellees, for the recovery of the said $500 payment, and now prosecute this appeal to reverse the judgment rendered adversely to them.

[1] The chief litigated question in the case was as to who breached the contract—the plaintiffs or the defendants. We cannot see that a detailed discussion of the evidence is proper, or that it would be helpful. Suffice to say, in our opinion, the record shows ample testimony to support the verdict returned. Both the plaintiffs and the defendants, as well as their respective attorneys, took the witness stand, and all seem to have been allowed to deliver themselves, fairly unrestrained, of their various versions of the transaction made the basis of the litigation. There was no error in refusing to give the general affirmative charge in favor of the plaintiffs, or in refusing to set aside the verdict of the jury because of a lack of evidence to support same.

[2-7] It is true, as contended by appellants, that a stipulation that title shall be approved by vendee's attorneys before he is bound to purchase is valid; that, if title to any part of the land is bad, the title to the whole may be rejected for that cause; that the attorney may reject title depending on adverse possession, and his action cannot be held to be capricious; that, defects being pointed out by attorney to vendor, who fails to cure same in second abstract, the vendee is not bound to give other notice; that evidence that the title is good is admissible only on the issue of the bona fides of the attorney; that the action of the attorneys in rejecting, if they did reject, the title, is presumed to be in good faith; that the burden of proving bad faith on the part of the said attorneys is upon him who asserts it; and that the testimony of plaintiffs and their attorneys is admissible in support of their good faith. McDennis v. Finch, 197 Ala. 76, 72 So. 352; Hollingsworth v. Colthurst, 78 Kan. 455, 96 P. 851, 18 L. R. A. (N. S.) 741, 130 Am. St. Rep. 382; 3 Elliott on Ev. § 2127; 13 Ency. of Ev. 891.

[8] But the above principles of law cannot avail appellants in their contention that the general affirmative charge should have been given in their behalf, for the reason that in this case there was evidence introduced from which the jury could legally infer, or which tended to show, that the abstract and the title shown thereby, which was submitted by the appellees, was in fact approved by appellants' attorneys, or one of them.

[9] So far as the third count of the complaint, referred to by appellants as their

"special count," and the so-called "special plea" interposed thereto by appellees, are concerned, we are of the opinion that neither was necessary nor essential. But the count being in, and the general issue as to same being pleaded (appellants' statement in their brief filed on this appeal to the contrary notwithstanding), any rulings affecting the so-called "special plea" were harmless, for the reason pointed out by appellants in their insistence of error, viz. said plea set up, or undertook to set up, only such defenses as were already available under appellees' plea of the general issue.

[10, 11] The court, in its oral charge to the jury, said this:

"Title to land in this country may be established by adverse possession; if a party shows that he is in the open, notorious, adverse, hostile, and exclusive possession of lands, having on record some color of title, etc., * * * then he can establish his title by adverse possession which becomes as sacred as if it were made or conveyed to him by the owner. *If that abstract* [referring to the abstract furnished by appellees to appellants under the contract hereinabove referred to] *showed that character of title the defendants would be entitled to a recovery at your hands.*" (Italics supplied.)

The last-quoted sentence was duly excepted to by appellants.

In the case of McDennis v. Finch et al., supra, the learned Justice writing for the Supreme Court of our state used this language:

"It is too clear to admit of doubt that an attorney or a layman—to whose satisfaction with the title to land a contract subjects the obligations of the parties thereto, or even the efficacy of the contract—is dissatisfied, within the legal right to determine satisfaction vel non with respect to the title to land, if the title depends for sufficiency upon the establishment thereof through judicial proceedings, the result of which is to be affected, if not controlled, by a conclusion or conclusions drawn from evidence which does not itself plainly foreshadow a definite judgment in the premises."

All of which being construed in the light of its setting in the opinion quoted from, means and holds that, where vendor's title is by adverse possession, rejection of such title by purchaser's attorney cannot be deemed capricious or in bad faith. And this too without the court meaning, or intending to say, that one may not, under proper conditions, perfect a valid title to lands by means of adverse possession.

It is therefore clear that the above-quoted excerpt from the trial court's oral charge, to which exception was reserved, was erroneous, and, in view of the conflicting nature of the testimony, it cannot be said that it was without injury to the rights of appellants.

[12] The assignments of error other than those made the basis of what we have said above are, in the main, insisted upon in such a perfunctory manner as not to require any treatment in this opinion, but, where this is not so, we do not deem a detailed discussion of them required, as it is apparent that, if there was error in any of the rulings complained of therein; it did not operate to the substantial hurt of the appellants. And we would not be willing to predicate a reversal of the case upon any such of them.

For the error pointed out, let the judgment be reversed, and the case remanded.

Reversed and remanded.