(122 So. 814)

**HARDEGREE v. RILEY. (7 Div. 872.)**

Supreme Court of Alabama. May 23, 1929.

Rehearing Denied June 20, 1929.

Hardegree & Cockrell, of Ashland, for appellant.

C. W. McKay, of Ashland, for appellee.

SAYRE, J. The complaint contained several counts, one declaring on a promissory note. the rest the common counts. Printed on the back of the note offered in evidence was the following:

"——— hereby guarantee payment of the within note, including interest and attorney's fee, waiving presentment for payment, protest and notice of protest and all claims of exemption to real or personal property under the laws of Ala."

And then below in pencil:

"Balance 49.91 and interest
$10.00 Feb.
15.00 Mch.
15.00 Apr.
15.00 May
15.00 June
15.00 July

85.00
27.00

112.00
85."

By way of laying a predicate for his contention that the general charge against his plea of non. est factum should not have been given, appellant, defendant below, argues that the memoranda indorsed upon the note in suit had been placed there at the time of the execution of the face of the note, thereby becoming an integral part thereof, and had been changed subsequently, and hence that the charge was erroneously given. As to whether the memoranda had been made that time the note was given, or later, the testimony was in conflict. In Seymour v. Farquhar, 93 Ala. 292, 8 So. 466, this court held that the following matter in print on the back of a promissory note: "It is hereby expressly agreed and understood by and between the holder and maker of this note that," etc., was a part of it to all intents and purposes as if it had been set forth in the body of the instrument, citing text-books and adjudicated cases from other jurisdictions. The indorsements on the note here involved do not measure up to the mark of that decision. The printed matter is incomplete, the blank is unfilled, this indicating a lack of intention to adopt that matter as a part of the note. The pencil memoranda, by themselves considered, are meaningless. A change in one of them—and that is the extent of the change contended for—operated in no wise to change the obligation of the face of the note, and, whether made at the time of the execution of the note or subsequently, failed to make available the plea of non est factum. The real consideration for a promissory note or bill of exchange, and the terms and conditions upon which it is payable, or by which payment may be avoided, may, as between the parties, be shown by parol, provided, of course, the terms of the instrument be not contradicted. Jefferson County Bank v. Compton, 192 Ala. 16, 68 So. 261; Blum v. Mitchell, 59 Ala. 535; and numerous cases shown in the note to 22 C. J. p. 1164. The memoranda to which we have referred were admissible in aid of the memory of the witness or witnesses who were privy to their making. Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54, and Alabama cases cited in note under page 894 of 22 Corpus Juris.

[4] The court committed no error in giving written charge 5 requested by plaintiff to the effect that the jury could not find for defendant under his plea of payment. The plea of tender was an admission of indebtedness.

Defendant filed a plea of usury. The evidence tended to show that interest in excess of the lawful rate was charged on plaintiff's books against defendant in some instances; but there is none to the effect that the original contract was usurious, nor even that defendant subsequently agreed to pay usury, and so defendant was not entitled to the charge against interest (assignment of error 6). Tutwiler v. Building & Loan, 127

Ala. 107, 28 So. 654; Nance v. Gray, 143 Ala. 242, 38 So. 916, 5 Ann. Cas. 55.

Plaintiff was allowed to testify that he sold fertilizer to defendant at a cheaper rate than to others and at less than the market price at Ashland, which seems to be the nearest market town. Defendant questioned the price charged to him for fertilizer. Plaintiff was entitled to the market price. If he charged defendant less than others or less than the market price at Ashland, his testimony to that effect was relevant and material. It might have been put in better form; the reference to others might have been eliminated; but the objections interposed, to the extent they were not merely general, were irrelevant, and the trial court will not be put in error for overruling them.

As touching the consideration of the note declared upon, defendant proposed several questions to plaintiff on cross-examination which had, and aptly served, the purpose of showing, or, rather, tending to show, that the figures on the back of the note had been changed by plaintiff. Defendant had signed the note along with one Joe Thurston, who was his tenant, and in fact he signed the note as surety for advances to be made by plaintiff to Thurston. The figures on the back of the note witnessed the amounts plaintiff was to advance during each month. The parties were not agreed as to the amounts so advanced, and, if we understand the bill of exceptions, defendant's purpose was to inquire in substance whether plaintiff had changed the memoranda. These questions should have been allowed. Their exclusion was error. Code, § 7731.

Defendant was complaining of some of the prices charged. We think it was proper for the plaintiff to show the wholesale price of the soda (nitrate) sold to Thurston as having some tendency to show that the retail price charged against him was not excessive. was not more than the true market value.

It is thought that what has been said will serve the purpose of another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.