(130 So. 405)

## UTLEY et al. v. STEVENS.

6 Div. 688.

Supreme Court of Alabama.

Oct. 23, 1930.

Arthur Fite and J. B. Powell, both of Jasper, for appellants.

D. A. McGregor and R. A. Cooner, both of Jasper, for appellee.

FOSTER, J.

The notes executed by appellants were given for the purchase of merchandise. In plea No. 7 appellants relied upon fraud in procuring their execution, in that the agent of the seller, in effecting the sale, misrepresented the contents of a contract executed as a part or

the transaction. It was alleged that the seller accepted said notes and contract and thereby elected to stand by them and the representations of its agent, and was therefore bound by the said representations. Demurrer was sustained to this plea.

The argument of counsel indicates that this ruling was based upon the fact that it did not allege that the agent was authorized to that end, nor that he was within even the apparent scope of his authority. Plea 6, with such allegation, but otherwise similar to plea 7, except as will be noted, was held good.

■■ This interpretation of the sufficiency of plea 7, in our judgment, conflicts with principles settled by this court, and referred to in the cases of Brenard Mfg. Co. v. Cannon, 209 Ala. 626, 96 So. 760; Colt v. Price, 210 Ala. 189, 97 So. 696; and Grissom v. Colt, 218 Ala. 336, 118 So. 580. The allegations of plea 7 are sufficient on these authorities to bind the principal as to the matters shown in the plea. The sufficiency of the plea on account of its failure to allege an offer of restoration of the property or an excuse for not doing so is not included in any ground of demurrer. As a plea in bar this is necessary. Coleman v. Night Commander L. Co., 218 Ala. 196, 118 So. 377; Thompson v. Fourth Nat. Bank, 214 Ala. 452, 108 So. 69; Grissom v. Colt, supra. However, the plea does not allege a rescission nor a repudiation of the contract, and, therefore, upon the authority of Lowery v. Mut. Loan Soc., 202 Ala. 51, 79 So. 389, and Grissom v. Colt, supra, it may be treated as a plea in recoupment, in which such restoration is not necessary.

■ If we only consider the matter argued by counsel in connection with plea No. 7, we think that it is not subject to the defect to which the argument is addressed. If that were the only defect appearing in the plea, we should say that the ruling of the court in sustaining the demurrer was erroneous. But on examination of it we find that this plea adopts the first paragraph only of plea 6, and makes other allegations in lieu of the last paragraph of that plea. It is only in the last paragraph of plea 6 in which the allegation is made that the representation was false. The added paragraph of plea 7 makes no allegation of falsity of the representation, and, therefore, that plea contains no such allegation which is essential to its sufficiency. This defect is pointed out in the eleventh ground of demurrer. It is therefore necessary for us to sustain the ruling of the court in holding that plea insufficient.

But the sufficiency of plea No. 12 is not dependent upon that condition. While it adopts the first paragraph of plea 11, that part of the plea contains the necessary allegations of falsity and fraud, and in the last paragraph the authority of the agent is the only matter dealt with. In plea 12, the same language is used as in plea 7 showing the binding effect of such representations, and the comment we have made on the sufficiency of plea 7 respecting that feature is applicable to plea 12. But there are other grounds of demurrer to this plea which should have the consideration of this court, though such grounds apply equally to plea 11, demurrer to which the court overruled.

■ The representations in pleas 11 and 12 upon which fraud is predicated are "that such notes would not be transferred or assigned, and if the goods so purchased by defendants were not satisfactory to defendants, defendants would not have to pay the notes." It is averred that the statement that the notes would not be transferred or assigned was a false promise, fraudulently made to deceive defendants and induce the execution of the notes, with the intention to violate such promise.

It would appear that the pleader sought to avail himself of the benefit of a fraudulent promise constituting deceit, as upheld in this court. Snell Nat. Bank v. Janney, 219 Ala. 396, 122 So. 362; Nelson v. Shelby Mfg. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116; Cunyus v. Guenther, 96 Ala. 567, 11 So. 649.

We have observed that the promise constituting the fraud is that they will not transfer or assign the notes. The suit is by the assignee. If the assignee is a holder in due course, the defense is not available. If he is not a holder in due course, the question then is whether such alleged fraudulent promise is in respect to a material matter, and is sufficient to justify a claim of damage by way of recoupment. If plaintiff is not a holder in due course, we cannot see how any possible damage could accrue to defendants by reason of a breach of such alleged fraudulent promise not to assign. Every defense possessed by defendants could, in that event, be available to them. We think, therefore, that such alleged fraudulent promise is no defense in this suit by the assignee of the notes.

■ But the pleas 11 and 12 also averred that the agent in making the sale represented and stated to defendants that, if the goods so purchased, to secure the price of which it is alleged the notes were given, "were not satisfactory to defendants, defendants would not have to pay the notes," "and defendants aver that the said goods were not satisfactory." A collateral agreement to that effect goes to the consideration of the notes. It amounts to a failure of consideration pursuant to the agreement. When properly pleaded this may be shown in a suit between the parties or those standing in their position. Hardegree v. Riley, 219 Ala. 607, 122 So. 814; Blount County Bank v. Robinett, 23 Ala. App. 145, 122 So. 802; Id. 219 Ala. 503, 122 So. 804; Jefferson County Bank v. Compton, 192 Ala. 16, 68 So. 261.

■■ An agreement between seller and purchaser that the goods shall be "satisfactory"

670

to the purchaser has a well-defined legal significance and is not void for uncertainty. It means in respect to machinery that the purchaser, after a fair test, is satisfied with the "mechanical utility or operative fitness for the purposes intended." This must be an opinion based upon good faith, and for a better reason than a mere desire to avoid liability. Jones v. Lanier, 198 Ala. 363, 73 So. 535; Electric Lighting Co. v. Eider, 115 Ala. 138, 21 So. 983; Worthington v. Gwin, 119 Ala. 44, 24 So. 739, 43 L. R. A. 382; Higgins Mfg. Co. v. Pearson, 146 Ala. 528, 40 So. 579; 13 C. J. 675. The allegation in the plea that the goods were not satisfactory to defendants must be tested by the rule of good faith which we have stated, and can only be supported when such is a fair inference from the evidence.

The pleas 11 and 12 therefore are to be tested by all of their averments, and while, as pleas of fraud, we do not think they are meritorious, as pleas of a failure of consideration they seem to be sufficient.

We cannot agree with counsel for appellee that this ruling was without prejudice, for that appellee was due the affirmative charge on his replication alleging that he was a holder in due course.

The inferences from the evidence of Karrh, an employee of the Bank of Oakman, in connection with the course of dealing between plaintiff and Brenard Manufacturing Company, the seller of the goods, and payee of the notes, are sufficient to make that a jury question. We think the court correctly so ruled.

■ We also agree with that court in holding that plaintiff was due the affirmative charge on plea A, which denied the ownership of the notes by plaintiff. They were negotiable instruments and were indorsed in writing to plaintiff. That passed to him the legal title with the right to sue in his own name. Section 5699, Code 1923. But whether he was a holder for value in due course is another question.

■ Assuming that there was evidence that the agent of the seller in making the sale had due authority, or that the seller was otherwise bound by his fraud in connection with it, and that the pleading is sufficient in this respect, we observe no reason for denying to defendant the right to prove the allegations of fraud alleged in plea 6. Therefore the question to one of the defendants set out in the fourteenth assignment of error should be allowed.

■ As original evidence on behalf of the principal to show want of the authority of an agent, we think that it is not admissible for him to prove that his other agents similarly engaged have no such authority. 22 C. J. 749. Therefore the answers to the interrogatories by witnesses for plaintiff as to the authority

of agents of the seller other than of the one who transacted the business involved in this suit should have been excluded on objection duly made.

■ We also think that it was improper as original evidence for witnesses to state the reason why the sellers sold the notes to plaintiff; that is, to get ready money to carry on the business.

■ Consistent with the case of Baker v. Trotter, 73 Ala. 277, the court correctly refused to allow one of the defendants to testify that he relied on the statements and representations of the agent in the sale of the goods. Sledge v. Scott, 56 Ala. 202.

■ We do not think that there was error in giving charges 5 and 14. They correctly stated an issue proper for the jury; the same in effect as the court instructed the jury in the oral charge.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.