144 So. 25

WARD MOTOR CO. v. ASSETS REALIZATION CO.

4 Div. 654.

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Nov. 10, 1932.

Simmons & Simmons, of Opp, and E. O. Baldwin, of Andalusia, for appellant.

Powell, Albritton & Albritton, of Andalusia, for appellee.

FOSTER, J.

It is undoubtedly true that an indorsement of a note by the payee by which it is assigned to another is a contract in writing which fixes and establishes the obligations of the indorser. Holczstein v. Bessemer Trust & Sav. Bank, 223 Ala. 271, 136 So. 409; Code, § 9092; Shows v. Jackson, 215 Ala. 256, 110 So. 273.

But neither the note nor an indorsement purports to nor does it express the contract of the payee or the indorsee, respectively, if there be such a contract in fact. A contemporaneous contract of the payee or indorsee, though in parol, need not contradict that of the maker or the indorser, but may be collateral to such contract by him. If it does not contradict his obligation as expressed by the tenor of his written agreement, but goes rather to the consideration of such contract, or expresses obligations of the payee or indorsee assumed on his part, which extend to the manner of payment, there is nothing which thereby alters or varies the written contract, when rightly understood. The written contract of indorsement continues in full force, and it is not altered by such collateral agreement, but a breach of the collateral agreement by plaintiff satisfies in whole or in part the obligations of such written contract. We have several times thus treated such a contract. Bell, Rogers & Zemurray Bros. v. Jenkins, 221 Ala. 652, 130 So. 396; Utley v. Stevens, 221 Ala. 666, 130 So. 405; Hardegree v. Riley, 219 Ala. 607, 122 So. 814; Jefferson County Sav. Bank v.

Compton, 192 Ala. 16, 68 So. 261; Roquemore v. Vulcan Iron Works, 151 Ala. 643, 44 So. 557; Mid-Continent Life Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373.

That was the nature of proof which appellant offered and which the court declined to permit.

A consideration of the assignments of error separately is not necessary, for they present the major question which we have considered. We think that the defense attempted to be shown was available to appellant, and that its refusal was reversible error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.