## MERCANTILE FINANCE CORPORATION OF ALABAMA v. SCRUGGS.

### 6 Div. 391.

Supreme Court of Alabama.

Nov. 9, 1933.

Rehearing Denied Dec. 14, 1933.

586

Edgar Allen and W. M. Davidson, of Birmingham, for appellee.

Locke & Creel, of Birmingham, for appellant.

BROWN, Justice.

"It is a plain principle of justice, of right, and of law, that a man can not accept the benefits, and reject the burdens of a transaction." Goodman v. Winter, 64 Ala. 410, 434, 38 Am. Rep. 13. The doctrine of estoppels in pais is not peculiar to proceedings in equity, but is cognizable by a court of law, if specially pleaded. Davis et al. v. Williams et al., 130 Ala. 530, 30 So. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55; 10 R. C. L. 841, § 147; 21 C. J. 1241, § 248; Wells v. Parker, 200 Ala. 166, 75 So. 914; Millitello v. B. F. Roden Grocery Co., 190 Ala. 675, 678, 67 So. 420; Dickey v. Vaughn, 198 Ala. 283, 73 So. 507.

The recitals of the deed as set out in plea 2 are: "That in consideration of pay-

ment of mortgage for $2500.00 and accrued interest to Wofford Bond and Mortgage Company and a second mortgage for $1,000.00 and accrued interest to Mercantile Finance Corporation of Alabama, and the further payment of $345.00 to the undersigned grantor J. H. Whatley in hand paid by C. H. Scruggs, *the receipt whereof is hereby acknowledged,* we the said J. H. Whatley and wife Clara Whatley do grant, bargain, sell and convey unto the said C. H. Scruggs the following described real estate, to-wit," etc. (Italics supplied.)

These recitals on their face, and standing alone, are recitals of payment to the mortgagor and an acknowledgment of such payment, and are not susceptible of the interpretation that the grantee named in the deed assumed and engaged to pay the indebtedness evidenced by said mortgages to the mortgagee.

When these recitals are interpreted in the light of the facts stated in the plea—that the Southern Plumbing & Heating Company had a superior lien on the property; that the plaintiff, acting through its agent Boykin proposed that, if the plumbing and heating company would accept a deed to said property and cancel the indebtedness and superior lien the plaintiff would collect the rents and apply them on the first and second mortgages as they became due, and would later on sell the property for the plumbing and heating company, with the assurance that the property would bring more than sufficient to pay the mortgages and the indebtedness due the plumbing and heating company, and in that way the mortgagees and the plumbing and heating company could get their money; that the defendant was named in the deed, with the acquiescence of the grantor, at the suggestion of the attorney for the plumbing and heating company, for the reason that he was not advised that it could legally take the title to the property; that Whatley, the grantor, knew that defendant was not the purchaser of the property, had no pecuniary interest in the transaction, and parted with nothing therefor; that the entire transaction was primarily intended as a satisfaction of the indebtedness due to the plumbing company and a cancellation of its superior lien on the property, inuring to the benefit of the plaintiff as subordinate lienholder—it would be contrary to justice and right to allow the plaintiff to assert that the defendant Scruggs assumed the payment to plaintiff of the debt due it under its second mortgage.

■ While it is not made to appear that the plaintiff was consulted and consented to the substitution of the name of defendant as the grantee in the deed, it does appear that the substitution was a mere matter of convenience, and was suggested by the attorney for the plumbing and heating company so as to pass the title to defendant for the use and benefit of the plumbing and heating company, who suffered a detriment by surrender of its superior lien, and the plaintiff received a benefit in having the superior lien satisfied. In these circumstances we are of opinion that the plaintiff is estopped to assert that defendant assumed the payment of the indebtedness secured by its mortgage. Fields v. Killion, 129 Ala. 373, 29 So. 797.

■ Moreover, it is well settled by our decisions that it is not an infringement of any rule of law to allow the maker of a written instrument to show by parol a contemporaneous agreement made by the parties, not contrary to the tenor of the written instrument, touching the consideration of the written instrument and the manner in which the obligations therein assumed are to be discharged. Mid-Continent Life Ins. Co. v. Beasley et al., 202 Ala. 35, 79 So. 373; Bell, Rogers & Zemurray Bros. v. Jenkins, 221 Ala. 652, 130 So. 396; Utley et al. v. Stevens, 221 Ala. 666, 130 So. 405; Jefferson County Savings Bank v. Compton, 192 Ala. 16, 68 So. 261; Ward Motor Co. v. Assets Realization Co., 225 Ala. 548, 144 So. 25; McGhee et al. v. Alexander et al., 104 Ala. 116, 16 So. 148.

■ The facts alleged in the defendant's fifth plea bring the case within the exception to the general rule, stated as follows by the Missouri court: "It is well established that, where a vendee of real estate accepts a conveyance thereof which recites that he assumes and agrees to pay a mortgage debt thereupon, such vendee becomes personally liable to the mortgagee, or his assigns, for the payment of the debt, and the latter may maintain a personal action against him. * * * But though this general doctrine prevails, it is said to hold good only where the purchaser 'is a real and genuine purchaser, and not one whose name was inserted in the deed for convenience, or as a mere channel for passing the title to another,'" or creating a resulting trust in which the grantee named in the deed takes no beneficial interest. Llewellyn v. Butler, 186 Mo. App. 525, 531, 172 S. W. 413, 415; Deyrmand v. Chamberlin, 22 Hun (N. Y.) 110; Arnold v. Randall, 121 Wis. 462, 98 N. W. 239; Boyd v. Winter et al., 65 Okl. 141, 164 P. 781; 41 C. J. 727, § 773; Ib. page 743, § 806.

The suggestion that only a court of equity has jurisdiction to declare a resulting trust is fully met by the averments of the plea showing that defendant has recognized the trust, in so far as he is concerned, and discharged it by a conveyance of the property to his successor as general manager of the plumbing and heating company.

We therefore concur in the judgment of the trial court that the demurrers to said plea were not well taken.

Affirmed.

GARDNER, THOMAS, and FOSTER, JJ., concur.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., dissent.